STEVE W. STEVENSON, APPELLANT, v. JOHN L. SULLIVAN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.

207 N. W. 2d 680

Filed May 25, 1973. No. 38839.

Hutton & Garden, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Appellant, Steve W. Stevenson, appealed from a judgment of the District Court sustaining the revocation of his Nebraska operator's license by the Director of the Department of Motor Vehicles of the State of Nebraska. We affirm.

About 1 a. m., on July 20, 1972, appellant was observed speeding and driving recklessly through the city of Norfolk. When he stopped he was asked for his license,

and then was told: " 'Mr. Stevenson, I am placing you under arrest for driving while intoxicated.' " He was taken to the police captain's office at the police station, where the arresting officer proceeded to fill out the standard "driving while intoxicated" forms, which included questions, answers, and implied consent information. While this was going on, appellant asked for an attorney, and was told that he could call one when the reports had been completed. The arresting officer read him the Implied Consent Law verbatim from the standard report form.

The officer then testified as follows: "Q And is that document before you, an exact copy of that which you read to him verbatim? A Yes, it is. Q All right, and did you read that to him more than once? A Yes, I did. Q All right, approximately how many times did you read it? A I read it and explained it to him on four occasions. Q And again refreshing your memory with Exhibit No. 1, read for the record just exactly what it was that you read to Mr. Stevenson? A Yes. 'Under Nebraska Law you have given your consent to submit to a chemical test of your blood, urine or breath for the purpose of determining the amount of alcohol content in your body fluid. If you refuse to submit to a chemical test you will be required to show cause for your refusal to the Director of Motor Vehicles. If you cannot show cause, your motor vehicle operator's license will be revoked. Do you understand that?' And his reply was, 'Yes, I do understand but won't admit to it.' Q All right. A Further went on and stated, 'No breath testing equipment is available but you do have a choice whether to give a sample of your blood or urine for a chemical test. Will you give a sample of your blood or urine? And he replied 'No, I won't.' Then he was asked, 'Has this statement been given freely and voluntarily without any threats or promises?' He stated, 'You bet.' 'Is it true to the best of your

knowledge?' He stated, 'Yes.' He was asked, 'Will you sign this statement?' and he said, 'No.' "

Appellant testified that immediately upon arrival at the police station he asked to call his attorney, and the request was refused. He was told "That we had to fill out a report first or had to be questioned." He testified during the questioning he made three or four more requests to call his attorney, and was told by the police officer that they had to do the questioning and fill out the report first. He denies he was advised at any time that if he failed to submit to a chemical test of his blood or urine his driver's license and operating privileges would be revoked for 1 year. He refused to submit to the test becase he did not know the consequences of such refusal.

The officer testified the questioning took 10 minutes, and that as soon as the report was finished appellant was permitted to make a long distance call to his attorney at Stanton, Nebraska. The attorney, who is appellant's brother-in-law, is the county attorney of Stanton county. The attorney talked with a police officer, who told the attorney appellant was charged with driving while intoxicated.

The issues raised by the petition on appeal to the District Court were as follows: (1) Whether appellant did show cause at the hearing before the examiner for the Department of Motor Vehicles why his driving privileges should not be suspended; (2) whether appellant was unreasonably denied the right to counsel with his attorney; and (3) whether the affidavit on which this proceeding was founded was contrary to law.

Appellant contends that he should have been permitted to consult with his attorney when requested. He argues that the brief delay occasioned by a call to his lawyer would not jeopardize the effectiveness of the test. He argues, therefore, that his refusal to take a test when he could not visit with his attorney about the implications, under the circumstances was reason-

able.    Appellant's argument has been sufficiently answered in Rusho v. Johns (1970), 186 Neb. 131, 181 N. W. 2d 448.   The only issue in that case was whether or not the defendant was entitled to consult his lawyer before deciding about the test.   We there said:   "A refusal of a request of an arrested person to contact an attorney before consenting to an alcoholic test under the implied consent law affords no reasonable ground for refusing to submit to the test."

Appellant then demands a strict construction of the Implied Consent Law as it relates to the officer's sworn report, prepared pursuant to section 39-727.16, R. S. Supp., 1972.   He also attacks section 39-727.03, R. S. Supp., 1972, as it pertains to the arrest.

If we understand appellant's argument, he is contending the only thing an individual can be arrested for in section 39-727.03, R. S. Supp., 1972, is failure to take a preliminary breath test, which is covered by subsection (3).   Appellant takes too restricted a view of section 39-727.03, R. S. Supp., 1972.   There are four other subsections of that section in addition to subsection (3). Subsection (3) does make specific provision for arrest for failure to give a breath test, which is not covered in any other section of the statute.   Even a cursory reading of the statute indicates that section 39-727.03 must be construed in conjunction with sections 39-727, 39-727.15, and 39-727.16, R. S. Supp., 1972, all of which are clearly pari materia to each other.   See State v. Manley (1972), 189 Neb. 415, 202 N. W. 2d 831.   The law is clear, anyone arrested for driving while intoxicated can be asked for a test.   If he refuses, then he is subjected to the administrative revocation procedures provided by the statutes, which is the procedure followed in this case.

Appellant's last argument relates to his contention that he was never advised of the consequences of refusing to submit to a fluid test.   The officer testified that on four different occasions he explained the law to

appellant. The trial court believed the testimony of the officer rather than that of appellant. On this record, it would strain credulity to accept appellant's version.

Appellant's assignments of error are wholly without merit. The judgment is affirmed.

AFFIRMED.