JOHN THOMAS HEFFERNAN, APPELLANT, v. JOHN W. KISSACK, DIRECTOR OF DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.

223 N. W. 2d 486

Filed November 27, 1974. No. 39502.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and George R. Sornberger, for appellant.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The plaintiff appeals from a judgment of the District Court dismissing his appeal from an order of the Director of the Department of Motor Vehicles revoking his driver's license under the implied consent law.

A verbatim record of the evidence before the District Court was not preserved. However, the record shows the plaintiff was arrested for operating a motor vehicle while under the influence of intoxicating liquor at the

scene of a property damage accident on July 11, 1971. The arresting officer's report, submitted pursuant to section 39-727.08, R. R. S. 1943, shows the plaintiff's clothes were disarranged, he needed support to walk, he could not understand speech, and he had a very strong smell of alcoholic beverage on his breath. When asked to submit to a chemical test as required by statute, the plaintiff stated he would "pass all tests that was available." Upon being asked to repeat his answer, the plaintiff stated, "I'm not taking any kind of tests."

The statute provided that if the person arrested refuses to submit to the test it shall not be given. § 39-727.08, R. R. S. 1943. A single request to submit to a test is sufficient. There is no requirement that a second request be made if the person arrested refuses to submit to the test. See Wiseman v. Sullivan, 190 Neb. 724, 211 N. W. 2d 906. The procedure followed in this case satisfied the requirements of the statute.

The driver's license of plaintiff and his operating privileges were revoked by the director on October 13, 1971. The trial in the District Court originally set for January 29, 1974, was continued to February 20, 1974. On that date the plaintiff orally moved for a continuance to obtain evidence concerning the license of the operator of the breathalyzer machine. There was no showing of diligence. The denial of the continuance was not an abuse of discretion.

The judgment of the District Court is affirmed.

AFFIRMED.