Argued November 21, reversed with instructions
December 9, 1974

CAVAGNARO, *Respondent, v.* MOTOR
VEHICLES DIVISION (No. 396-945), *Appellant.*
528 P2d 1090

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Frederick A. Jahnke,* Portland, argued the cause for respondent. With him on the brief were Reiter, Wall, Bricker & Zakovics, P.C., Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

The state appeals from the judgment of the trial court, sitting without a jury, which vacated a department ruling that petitioner refused to take a breathalyzer test, as provided in ORS 483.634, following his arrest by a state police officer for driving under the influence of intoxicating liquor.

■ Both parties concede that the sole question is whether there is any evidence to support the judgment. Essentially, it is not disputed that following his arrest, Mr. Cavagnaro was taken to the county jail where he refused to take the breathalyzer test stating

that "I'm not going to take the test until I talk to my attorney." The officer allowed him 15 minutes to do so. He failed to reach him within that period.

The trial court found in its letter opinion:

> "It seems to me the petitioner tried to do what most citizens do when in trouble, call your attorney. The officer, courteous as he was all evening long, gave him express permission to do so and, by implication, actually encouraged the call.

> "It is unfortunate that petitioner was not successful in getting his attorney in the allotted time, but in view of the fact that he did get in touch with him before the officer left (and really not too long after the 15 minute period) I feel that the totality of these circumstances warrant this conclusion."

In fact, the officer waited about twice that long during which period Mr. Cavagnaro was not able to reach his attorney and again advised petitioner of his rights. At that time, he walked away from the officer while they were being read to him. The officer then turned off the machine and prepared to return to patrol duty. Approximately 15 minutes later, Mr. Cavagnaro reached his attorney who told him to take the test. The officer told him it was too late and declined to administer it. It is conceded that approximately two and one-half hours had elapsed between petitioner's arrest and the time he told the officer he would take the test.

Petitioner relies on *Kauffman v. Motor Vehicles Div.*, 10 Or App 582, 500 P2d 473, Sup Ct *review denied* (1972). There we said:

> "* * * There was a conflict in the testimony between the officer and the petitioner. Since there is evidence to support a finding that the state police officer confused the petitioner concerning his rights under the statute by allowing him to wait for the arrival of his attorney before submitting to the

breathalyzer test, we are bound thereby * * *." 10 Or App at 584.

Here, unlike *Kauffman,* there was no conflict between the testimony of the officer and the petitioner. On the contrary, the petitioner himself testified:

"Q   After you started dialing and after you had no success or after the other officer had dialed and you had no success, did Officer Seller indicate to you that the time was up, or words to that effect?

"A   No, that's when he told me the time was up as far as the phone was concerned, that I had to take the test.

"Q   So that point in time, you were aware that —if you were not aware before that—you were aware that now is the time to refuse or not refuse, is that correct, at least from Officer Seller's standpoint?

"A   Well, he indicated that I had to take it then. And I still felt that because I'm not experienced in all these things that I wanted to talk to someone who at least had a little interest in me."

In *Stratikos v. Dept. of Motor Vehicles,* 4 Or App 313, 477 P2d 237 (1970), 478 P2d 654, Sup Ct *review denied* (1971), we said:

"* * * In *State v. Pandoli,* 109 NJ Super 1, 262 A2d 41 (1970), the petitioner contended that there was no flat refusal to take the test where he refused to take the test until he had an opportunity to call his attorney. As in the case at bar, the upshot of the demand was that he did not take the test. The court said:

" '* * * As a matter of law, defendant had no right to have the advice of an attorney before determining whether he would accede to the test, insofar as the sanction of revocation for refusal is concerned. See *State v. Kenderski,* 99 N.J. Super. 224, 229-230 (App. Div. 1968); *Ent v.*

*State, Department of Motor Vehicles,* 71 Cal.
Rptr. 726 (Ct. App. 1968).

" 'In any event, the request for consultation
with counsel necessarily involved a delay in ad-
ministration of the test. Having in mind the
remedial purpose of the statute, and the rapidity
with which the passage of time and the physio-
logical processes tend to eliminate evidence of
ingested alcohol in the system, it is sensible to
construe the statute to mean that anything sub-
stantially short of an unqualified, unequivocal
assent to an officer's request that the arrested
motorist take the test constitutes a refusal to do
so. * * * The occasion is not one for debate,
maneuver or negotiation, but rather for a sim-
ple "yes" or "no" to the officer's request.' 109
NJ Super at 4.

"A line of California cases has held that a quali-
fied refusal to take the test, the qualification being
that attorney or physician be present, is a refusal
calling for loss of driver's license, and this is so
even though the equivocation causes only 30 to 40
minutes loss of time in administering the test * * *."
4 Or App at 315-16.

*See also: Johnson v. Dept. of Motor Vehicles,* 5 Or
App 617, 485 P2d 1258 (1971).

■ We conclude that as a matter of law, the volun-
tary postponement for a specified period of time of
the administration of a breathalyzer test by a police
officer to enable the driver to contact an attorney does
not itself constitute the waiver of a valid previous de-
mand to take the test beyond the time allowed by the
officer.

Reversed with instructions to reinstate the order of
the Motor Vehicles Division suspending petitioner's
driver's license.