FLECKENSTEIN *v*. BUREAU OF MOTOR VEHICLES.

(No. 13909—Decided March 25, 1975.)

Ashtabula Municipal Court.

*Mr. Carl F. Muller*, for petitioner.
*Mr. Louis Vettel*, assistant county prosecutor, for respondent.

OLSEN, J. This cause came on for hearing on an appeal from the action of the Registrar of Motor Vehicles who suspended the driver's license of petitioner for refusing to take a breathalizer test.

It was stipulated and agreed that: the patrolman had reasonable cause to believe that the driver was operating a motor vehicle while under the influence of alcohol; that the driver was arrested; and that the driver was advised of the consequences of a refusal to take the breathalyzer test. The sole issue was whether the driver refused to take the test.

Evidence presented was the testimony of the petitioner (driver), the testimony of her husband and a videotape of the entire proceedings at the State Highway Patrol post except for a three minute period when the driver used the telephone and talked with her husband. The Registrar offered the affidavit of the arresting officer, a copy of the letter sent to the driver and the testimony of State Highway Patrol Officer Harper.

The evidence shows that the petitioner was in the patrol post at 8:46 p. m. and that the videotape stopped at 9:18 p. m. She consented to take the breathalyzer test. When the machine was ready to accept a sample of breath, upon request, the petitioner refused to walk to the machine and orally refused to take the test. After a short conversation, she called her husband and was told to take the test. Petitioner then stated she would take the test after smoking a cigarette. It was explained that she could not smoke and then take the test as the smoke would "gum" the machine. She continued to refuse unless she could first smoke a cigarette. The officer then advised the driver that this conditional offer was a refusal and started to disengage the breathalyzer. Thereupon the petitioner offered to take the test and continued to repeat a willingness to take the test as the officer proceeded to close the machine. Less than ten minutes was involved from the time of refusal to the verbally expressed desire to take the test.

*In re Brooks* (1971), 27 Ohio St. 2d 66, states in paragraph two of the syllabus:

"The suspension, pursuant to R. C. 4511.191, of the driver's license of a motorist, under arrest for the offense of driving a motor vehicle while under the influence of alcohol, for refusing, upon request of a police officer, to

submit to a chemical test for alcohol, is not precluded by the fact that after such refusal, but within two hours of the alleged driving violation, the motorist stated that he would submit to the test.''

In the *Brooks* case there was a refusal and then 30 minutes later, a consent. At page 70, Justice Leach wrote: ''We are not faced with a situation where a defendant had almost immediately retracted his refusal and had been denied the test and been told that his belated consent was unacceptable.''

As was stated in *Atwell* v. *State* (1973), 35 Ohio App. 2d 221, at page 230: ''What is a reasonable period of time will depend on all the facts and circumstances in each case.''

In the instant case, the driver consented to take the test. When the time came to take the test, she refused. Her husband, by phone told her to take the test. She offered to take the test if permitted a cigarette. Then, as the machine was being closed, she offered to take the test. The total time element involved, as demonstrated by the clock in the videotape between the refusal and the repeated consent to take the test, without first smoking a cigarette was eight minutes.

What is a reasonable time was lightly touched upon in *Siegwald* v. *Curry* (1974), 40 Ohio App. 2d 313, at page 318, where ''only forty minutes elapsed between the time of the violation and time of refusal.'' By inference it may be deduced that forty minutes was not an unreasonable time.

This court finds that the petitioner did consent to take the breathalyzer test within a reasonable time and did not refuse to take the test.

The petition is granted and no suspension shall be imposed.

*Petition granted.*