BEVERLY J. STENDER, APPELLEE, V. JOHN L. SULLIVAN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLANT.

246 N. W. 2d 643

Filed November 3, 1976. No. 40579.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellant.

Arlen D. Magnuson of Magnuson & Magnuson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

The motor vehicle operator's license of appellee, Beverly J. Stender, was revoked for failure to comply with the provisions of the Nebraska Implied Consent Act. On appeal to the District Court the order revoking the

license was reversed. The Director of the Department of Motor Vehicles prosecutes this appeal. The question presented is whether the trial court erred in ruling that the arresting officer should have informed the appellee of the implied consent law at the scene of the arrest and made a single request for a chemical test at that point. We hold he did err, and reverse.

Appellee was arrested while operating a motor vehicle on the city streets of O'Neill, Nebraska. The testimony is in dispute as to what transpired at the time of arrest. It is undisputed appellee was not requested to give a breath or chemical test at the scene of the arrest. She was immediately taken to the sheriff's office in the county courthouse in O'Neill. There the arresting officer read her the implied consent advisement.

It is appellee's testimony she was not told the consequences of her refusal to submit to the test at the sheriff's office. The appellee signed the advisement form, which is in the record. The officer testified she appeared to understand it. The advisement form specifically enumerated the penalties for a first, second, and third or subsequent offense.

The officer testified that after reading the advisement form, he asked the appellee several times to submit to a chemical test of her blood or urine. Initially she refused to do so, but when informed by the officer that he was going to place her in jail, she stated she would submit to a test. The arresting officer and another officer took appellee to a local hospital for the purpose of obtaining the test. After arriving at the hospital appellee was asked to sign an authorization to the hospital to draw blood. Appellee refused to sign. At the hospital the officer asked her several times to submit to a blood or urine test. After reminding her it was the last chance to submit, the officer decided to take her to the courthouse jail. When leaving the hospital, appellee told the officer she would submit to the test but he informed her he was going to take her to jail.

At the conclusion of the hearing the trial court asked the following: "I have one question, Officer Williams. Did you offer her the chance to take a test at the scene of the arrest? It is clear that you offered her a chance to take the test and read her rights to her when you brought her from the scene of the arrest up to the courthouse, but did you, at the time of the arrest, explain her rights and offer her an opportunity to take a blood or urine test out there at the scene of the arrest?"

The question was answered in the negative. It is clear from the above that the trial court found appellee was offered a chance to take the test and her rights were read to her when she was brought from the scene of arrest to the courthouse.

After the officer answered the question of the trial court, the judge stated: "Gentlemen, I am going to render a decision here that I am going to find that the Plaintiff had grounds to refuse to give the test. It is my view of the evidence that she should have been asked at the scene of the arrest, and asked once. It appears that she was harassed for a period of an hour and a half or two hours for this test, and I don't think that is right. So, I am finding in favor of the Plaintiff. That is all."

The trial court was in error. There is no requirement in our law that the request for a chemical test must be made at scene of the arrest. Neither is there any requirement in our law that only one request may be made to secure a defendant's consent to take the test. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Bachus v. Swanson (1965), 179 Neb. 1, 136 N. W. 2d 189.

Appellee reads too much into Heffernan v. Kissack (1974), 192 Neb. 637, 223 N. W. 2d 486. We there held that a single request to submit to a test is sufficient and there is no requirement that a second request be made if the person arrested refuses the initial request.

However, we did not mean to imply and the law does not require that only one request can be made. It is definitely to a defendant's advantage to be given an opportunity to avoid the consequences of a hasty decision. We do not condemn multiple requests by law enforcement officers to obtain a chemical test. In many instances the person arrested is in some state of confusion and more than one request may be desirable. The officer's attempt to convince appellee to submit to a test by multiple requests was not harassment but indicated due consideration for her condition. In no way can it be held to provide the appellee with reasonable ground for refusal.

The trial court was in error. The appellee refused to submit to a chemical test and she failed to meet her burden of showing that her refusal was reasonable. There is nothing in the record which even remotely suggests any reasonable grounds for her refusal.

The judgment of the District Court is reversed and the cause is remanded with directions to enter a judgment affirming the revocation of the appellee's motor vehicle operator's license and privileges under the Nebraska Implied Consent Act.

REVERSED AND REMANDED WITH DIRECTIONS.