560 P.2d 847 (1977)
Anthony ZAHTILA, Plaintiff-Appellee,
v.
MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE, State of Colorado, Defendant-Appellant.
No. 75-806.
Colorado Court of Appeals, Division. III.
February 3, 1977.
*848 Evans & Lipson, Allan L. Lipson, Denver, for plaintiff-appellee.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Arthur G. Staliwe, Sp. Asst. Atty. Gen., Denver, for defendant-appellant.
Selected for Official Publication.
RULAND, Judge.
Defendant, Department of Revenue, Motor Vehicle Division, appeals from a judgment of the district court which vacated the Department's order revoking the driver's license of plaintiff, Anthony Zahtila, for a period of six months pursuant to the Colorado Implied Consent Law. We reverse and remand for further proceedings.
The facts pertinent to this review are not disputed and were established in a hearing held by the Department pursuant to § 42-4-1202(3)(e), C.R.S.1973, to determine whether Zahtila's license should be revoked.
An officer of the Northglenn Police Department was called to investigate a one-car accident involving a motor vehicle driven by Zahtila. When he interviewed Zahtila at the scene of the accident, the officer noted the odor of alcohol and that Zahtila's speech was slurred. Accordingly, the officer arrested Zahtila for driving under the influence of alcohol and transported him to the police station.
At the station the officer advised Zahtila in compliance with the implied consent law, § 42-4-1202(3)(a), C.R.S.1973, and requested that Zahtila submit to a blood alcohol test, but Zahtila refused. Approximately 25 minutes later, Zahtila was allowed to confer with his attorney by telephone, and he then advised the officer that he would submit to any of the blood alcohol tests authorized by the statute. However, on the basis of Zahtila's prior refusal, the officer declined to administer any test.
Based upon the foregoing, the Department's hearing officer ruled that it was unreasonable for a driver to expect a period of 25 minutes within which to reconsider his decision not to take a test and that, therefore, Zahtila must be deemed, as a matter of law, to have refused the test. The hearing officer therefore declined to consider evidence of the rate at which alcohol dissipates from the human system, in order to determine whether a 25-minute delay would materially affect the result of the test. On appeal to the district court, it reversed the order of the Department, and held that Zahtila had retracted his initial refusal to submit to testing, and that, therefore, Zahtila must be deemed to have consented to a test.
The Department contends that once a driver refuses to submit to a test pursuant *849 to the implied consent law, that refusal is irrevocable and the driver has no right to reconsider his decision. We disagree.
The implied consent law was enacted to assist law enforcement officers in prosecuting the drinking driver, and the sanction of license revocation was adopted to encourage a driver to consent voluntarily to a blood alcohol test. Calvert v. Motor Vehicle Division, 184 Colo. 214, 519 P.2d 341 (1974). The primary purpose of the statute is to obtain scientific evidence of the amount of alcohol in the bloodstream in order to curb drunk driving through prosecution for that offense. See Colorado Legislative Council Research Publ. # 123, Highway Safety in Colorado 37-46 (1966).
While a motorist has no right under the statute to confer with counsel prior to deciding whether he will consent to a test, Calvert v. Motor Vehicle Division, supra, where, as here, he is permitted to do so, thereafter consents to the test, and the officer is available to see that the test is administered, the primary purpose of the statute is fulfilled unless the delay will materially affect the result of the test. See, e.g., Cavagnaro v. Motor Vehicles Division, 19 Or.App. 725, 528 P.2d 1090 (1974). Therefore, we conclude that before it may be determined that Zahtila refused the test, under the circumstances of this case it must appear that the 25-minute delay would materially affect the result of that test. Since the hearing officer declined to consider evidence on this issue, we remand the case for an additional hearing thereon. We also conclude that Zahtila must carry the burden of proof.
The judgment is reversed and the cause remanded to the trial court with directions to remand the cause to the Department for further proceedings consistent with the views herein expressed.
SMITH and BERMAN, JJ., concur.