WESLEY E. SEDLACEK, APPELLEE, v. R. JAMES PEARSON, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLANT.

284 N. W. 2d 556

Filed October 23, 1979. No. 42330.

Paul L. Douglas, Attorney General, and Linda A. Akers, for appellant.

George H. Moyer, Jr., of Moyer, Moyer & Egley, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The State appeals from a judgment of the District Court vacating an order of the Director of Motor Vehicles revoking the motor vehicle operator's license and operating privileges of Wesley E. Sedlacek for a period of 6 months. The order was made pursuant to section 39-669.16, R. R. S. 1943, of the implied consent law.

The record shows that at about 11:30 a.m., on October 24, 1977, Sedlacek was stopped for speeding at a point 3 miles south of Madison, Nebraska. The patrolman who stopped Sedlacek administered a preliminary breath test at about 11:45 a.m., which indicated an alcohol blood content of .12 percent. Sedlacek was then arrested for driving while intoxicated and taken to the police station in Norfolk, Nebraska.

At the police station the patrolman read an implied consent post-arrest advisory form to Sedlacek. Sedlacek signed the form but stated that he would not take the breath test requested by the patrolman until he had talked with his lawyer. Sedlacek was allowed to call a lawyer who agreed to come to the station. Sedlacek refused to take the test until the lawyer arrived. The patrolman left the station and, later, filed an affidavit with the Director of Motor Vehicles alleging that Sedlacek had refused to submit to the breath test.

The lawyer arrived at the station at about 1 p.m. He called the county attorney from the station and requested that the test be administered to Sedlacek.

The county attorney asked an officer at the station to perform the test. Sedlacek was tested at about 1:48 p.m., and the test indicated that he had a blood alcohol content of .11 percent at that time.

A complaint was filed in the county court charging Sedlacek with driving while under the influence of alcoholic liquor, refusal to submit to the breath test, and speeding. Sedlacek pleaded guilty to the first and third counts but was acquitted on the count charging refusal to submit to the breath test.

The State contends that the judgment of the District Court vacating the order of the Director of Motor Vehicles was erroneous because Sedlacek had no constitutional right to consult a lawyer before consenting to the test, and his reply to the patrolman's request to submit to a breath test constituted a refusal within the meaning of the implied consent law.

The statute provides for a suspension or revocation of driving privileges only if the refusal is unreasonable. The question presented by the appeal is whether, under the facts and circumstances of this case, there was an unreasonable refusal to submit to the test requested by the arresting officer.

The State is entitled to have the test administered at a time when it will be effective to disclose the blood alcohol content of the person tested with relation to the time that the vehicle was being operated. Under the evidence in this case it is clear there was no prejudice to the State because of the delay in performing the test.

In a similar case the Colorado Court of Appeals held that delay in consenting to the test, during which the driver conferred by telephone with a lawyer, did not prevent the driver from retracting an earlier refusal unless the delay materially affected the result of the test. The court said: "The implied consent law was enacted to assist law enforcement officers in prosecuting the drinking driver, and the sanction of license revocation was adopted to encour-

age a driver to consent voluntarily to a blood alcohol test. Calvert v. Motor Vehicle Division, 184 Colo. 214, 519 P. 2d 341 (1974). The primary purpose of the statute is to obtain scientific evidence of the amount of alcohol in the bloodstream in order to curb drunk driving through prosecution for that offense. See Colorado Legislative Council Research Publ. # 123, Highway Safety in Colorado 37-46 (1966).

"While a motorist has no right under the statute to confer with counsel prior to deciding whether he will consent to a test, Calvert v. Motor Vehicle Division, *supra,* where, as here, he is permitted to do so, thereafter consents to the test, and the officer is available to see that the test is administered, the primary purpose of the statute is fulfilled unless the delay will materially affect the result of the test. See, e.g., Cavagnaro v. Motor Vehicles Division, 19 Or. App. 725, 528 P. 2d 1090 (1974)." Zahtila v. Motor Vehicle Div., Dept. of Rev. (Colo. App., 1977), 560 P. 2d 847.

The evidence in this case shows that the rate of oxidation of alcohol in the body is approximately .01 percent per hour. Thus the test performed at 1:48 p.m., which showed Sedlacek then had a blood alcohol content of .11 percent, indicated that his blood alcohol content at the time of the arrest was in excess of .13 percent.

There would appear to be no reason to invoke the sanction of the implied consent law for *refusal* to submit to a test where a test was in fact performed and the test established what the test was designed for and intended to show. The State should not be allowed to perform the test and at the same time claim a refusal to submit to the test.

The evidence sustains a finding that the State should not be permitted to rely upon the preliminary refusal of Sedlacek to submit to the test and the sanction provided by the statute should not be im-

posed in this case. The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., dissenting.

I respectfully dissent from the majority opinion for reasons which I will briefly set forth. First: The language of the opinion tends to create uncertainty as to the meaning of the implied consent statutes, section 39-669.08 et seq., R. R. S. 1943, where, under the prior opinions of this court, such uncertainty did not exist. Second: The opinion will tend to create confusion in the application of the law and uncertainty in its enforcement. As a consequence, we can anticipate increased appellate litigation in license revocations and criminal prosecutions under the implied consent statutes until we once again, through the opinions of this court, return to the unequivocal certainty which formerly existed. I hope this dissent will be a step in that direction.

A brief review of the statutory scheme under the implied consent statutes will be useful. A person who operates a motor vehicle on the public highways of this state does, by that act, under the circumstances described in the statute, give his implied consent to a chemical test of the alcoholic content in his body fluids. § 39-669.08 (1), R. R. S. 1943. That statute has been held constitutional by this court and similar statutes have been held constitutional by every court which has had occasion to consider them. State v. Williams, 189 Neb. 127, 201 N. W. 2d 241; State v. Manley, 189 Neb. 415, 202 N. W. 2d 831. The statutes make it a crime to refuse to give the requested sample, constituting a misdemeanor if the refusal is of a preliminary breath test, § 39-669.08 (3), R. R. S. 1943, or a crime punishable in the same manner as driving while intoxicated if the refusal occurs after the arrest, § 39-669.08 (4), R. R. S. 1943. The result of the test, if made in conformity with the statutory requirement, is admissible in a prosecution

for driving while intoxicated. § 39-669.11, R. R. S. 1943. A refusal to take the test may also be the basis of an administrative revocation of the driver's license. § 39-669.15 et seq., R. R. S. 1943.

The driver must be warned of the consequences of a refusal to give the sample. § 39-669.08 (5), R. R. S. 1943. The driver is not entitled to advice of counsel before deciding whether or not to consent to the test. Stevenson v. Sullivan, 190 Neb. 295, 207 N. W. 2d 680; Wiseman v. Sullivan, 190 Neb. 724, 211 N. W. 2d 906. A conditional or qualified refusal is not sanctioned by the act. Wiseman v. Sullivan, *supra*. A suspect's right to counsel in connection with any charge other than the refusal exists as in any other criminal case, but the right simply does not apply to the request for the taking of samples. Wiseman v. Sullivan, *supra*. Only one request need be made by the officer, but more than one request is permissible. Stender v. Sullivan, 196 Neb. 810, 246 N. W. 2d 643.

If the person arrested pursuant to section 39-669.08, R. R. S. 1943, refuses to submit to the test, it "shall not be given and the arresting officer shall make" the sworn report to the Director of Motor Vehicles, which initiates the administrative revocation procedure. § 39-669.15, R. R. S. 1943.

The majority opinion does not expressly purport to overrule any of the opinions of this court. Some of its language, however, creates confusion. The opinion says: "The statute provides for a suspension or revocation of driving privileges only if the refusal is unreasonable. The question presented by the appeal is whether, under the facts and circumstances of this case, there was an unreasonable refusal to submit to the test requested by the arresting officer." The opinion, however, never answers the question which it asks. No facts are suggested in the opinion which justify a refusal.

Some may read the opinion as indicating that a request for counsel justifies refusal. However, the

opinion does not overrule our prior precedents on this point and its quotation from the Colorado court's opinion in Zahtila v. Motor Vehicle Div., Dept. of Rev. (Colo. App., 1977), 560 P. 2d 847, reiterates our prior holdings on the point of no right to counsel. What the opinion seems to do is to authorize a stalling tactic founded on a request for counsel. If the sample is finally given and the test is made, then some sort of waiver is found.

The opinion interjects the issue of whether the State is prejudiced by the delay. This creates additional problems. Who has the burden of showing lack of prejudice and how, as a practical matter, is lack of prejudice to be shown?

Other problems are also created. In this case, the criminal prosecution and the administrative procedure for revocation were proceeding simultaneously. The administrative procedure was concluded first and the revocation order issued. Later, the defendant pled guilty to a charge of driving while intoxicated and was found not guilty of the misdemeanor of refusal to submit to the test. The record does not disclose that the results of the test were ever received in evidence, since the defendant pled guilty to driving while intoxicated. Undoubtedly the results of the test may have been the inducement to plead. The rationale for overturning the administrative revocation on this appeal is unclear, but I suspect it is based on some sort of estoppel theory. Would the result be different if the defendant had been tried and found not guilty on the driving while intoxicated charge? Is this court on the way to saying that only one course, either administrative or criminal, may be pursued? In this instance, the administrative proceeding was concluded first. What would have been the result had there been no criminal conviction? Sedlacek was found not guilty of the misdemeanor charge of refusal. As noted, this occurred after the revocation. Is this court now saying that

the subsequent criminal proceedings have the effect of overturning the administrative decision?

In this case, Sedlacek, after being advised of the consequences of refusal, first refused to give a sample until he consulted his attorney. The officer then let him call his lawyer. After he had talked to his lawyer he still refused to give a sample. The arresting officer then departed. The sample was later given when the county attorney directed another officer to take the sample, which the defendant was then willing to give. This was more than 2 hours after the arrest.

The opinion, because of the ambiguity of its rationale, creates uncertainty rather than dispelling it. The arresting officer, after the refusals, was charged by law with making the sworn report required by section 39-669.15, R. R. S. 1943. He could not have done otherwise without violating his statutorily imposed obligation. He followed exactly the mandate of the statute in not giving the test after the refusals, which, under existing precedents of this court, constituted clear violations of section 39-669.08 (4), R. R. S. 1943. I suggest that, under the statute, the test given after refusal was given illegally and would not have been admissible in evidence in the driving while intoxicated prosecution. However, whatever objection Sedlacek had on this account was waived, with the advice of counsel, when he pled guilty to the driving while intoxicated charge.

Under the circumstances, the arresting officer is left in a quandary. He must either tolerate refusal and stalling, along with the resultant problems they may cause, or he must make only one request and proceed administratively. The latter is his only reasonable course. Otherwise, he risks an ineffectual administrative revocation. Officers, whose duty it is to follow the statutes and the settled precedents of this court, will now be unsure as how to proceed. Nor will they have any additional guidance until

there is further litigation.

This appears to be an instance where the court has chosen to substitute its judgment for that of the Legislature without any constitutional basis for so doing. No question of double jeopardy is involved. Callan v. Commonwealth, Department of Transportation, 19 Pa. Commw. Ct. 635, 339 A. 2d 163. See, also, Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N. W. 2d 75, where we held that an acquittal on the charge of driving while intoxicated does not prevent administrative revocation for refusal to submit to the chemical test of the implied consent law.

On an appeal to the District Court from the director's revocation, the admission into evidence of a judgment in some subsequent criminal proceeding is impossible to justify on the basis of relevance or materiality. The burden on the appeal is on the licensee to establish grounds for reversal. Mackey v. Director of Department of Motor Vehicles, 194 Neb. 707, 235 N. W. 2d 394. Sedlacek establishes no such basis in this case. I would reverse the judgment of the District Court and affirm the revocation of the license by the Director of the Department of Motor Vehicles.

BRODKEY, J., joins in this dissent.