WILLIAM P. WINTER, JR., APPELLANT, V.
HARRY (PETE) PETERSON, DIRECTOR OF THE
DEPARTMENT OF MOTOR VEHICLES, STATE OF
NEBRASKA, APPELLEE.

305 N.W.2d 803

Filed May 15, 1981. No. 43328.

Greg C. Harris of Munro & Munro, P.C., for appellant.

Paul L. Douglas, Attorney General, and Linda A. Akers for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, and BRODKEY, JJ., and MARTIN, District Judge.

McCown, J.

The appellant appeals from a judgment of the District Court for Buffalo County affirming an order of the Director of the Department of Motor Vehicles revoking the appellant's driver's license for 6 months under the implied consent law.

The facts in this case were stipulated and are not in dispute. An officer of the Kearney Police Department placed the appellant under arrest at approximately 1:45 a.m., November 9, 1978, for the offense of driving while under the influence of alcohol. The officer transported the appellant directly to the Kearney police station for the purpose of having the appellant submit to a breath test. Upon arrival at the Kearney police station at approximately 1:50 a.m., the appellant was read the implied consent form and the officer asked the appellant to submit to a Breathalyzer test. The consent form embodied the information required under the implied consent law but did not contain *Miranda* warnings, nor any reference to any right to counsel. The appellant did not submit to the test at that time but asked permission to call his attorney. Appellant's attorney arrived at the police station shortly thereafter and, after a delay of 5 or 10 minutes, conferred with the appellant, and the appellant then requested that the test be administered and stated that he would sign the implied consent form. The officer then refused to give the test for the reason that the appellant had already refused. It was then 2:25 a.m.

It was further stipulated that the amount of alcohol metabolized by the appellant during the 35-minute waiting time was not more than .009 of 1 percent.

The District Court found that the appellant refused to take the test when requested and that the request was properly made with the required warnings given to the appellant as to the consequences of refusing to submit. The District Court affirmed the

order of revocation and this appeal followed. We affirm the judgment of the District Court.

The appellant rests his contentions here on the case of *Sedlacek v. Pearson*, 204 Neb. 625, 284 N.W.2d 556 (1979). The facts in that case are essentially the same as the facts in this case up to the point at which the driver, after a conditional refusal and a delay to consult counsel, later requested that the test be administered. In *Sedlacek* the test was administered on the second occasion and Sedlacek was then charged with driving while under the influence of alcohol based on the results of the test, and also with refusal to submit to a test under the implied consent law. This court held that in a proceeding before the Director of the Department of Motor Vehicles under the implied consent law, where the evidence shows that a test was in fact performed which established a blood alcohol content in excess of that prescribed by statute, the sanction prescribed by the statute for refusal to consent to the test should not be imposed. *Sedlacek* recognized that the preliminary request to consult with a lawyer constituted a conditional refusal to submit to the test, although it recognized the fact that a subsequent request by the driver to take the test might be granted by the police and the test given. *Sedlacek* does not apply to a case in which no test was given.

This court has consistently recognized that under the Nebraska implied consent statutes a driver is not entitled to consult with a lawyer prior to taking a test, nor is the test required to be delayed by a request of an arrested motorist that he be permitted to contact a lawyer. See, *Stevenson v. Sullivan*, 190 Neb. 295, 207 N.W.2d 680 (1973); *Wiseman v. Sullivan*, 190 Neb. 724, 211 N.W.2d 906 (1973).

A single request to submit to a test is sufficient. There is no requirement that a second request be made if the person arrested refuses to submit to the test.

*Heffernan v. Kissack*, 192 Neb. 637, 223 N.W.2d 486 (1974).

A conditional or qualified refusal to take a test to determine the alcohol content of body fluids under the implied consent law is not sanctioned by the act and such refusal is a refusal to submit to the test within the meaning of the act. *Wohlgemuth v. Pearson*, 204 Neb. 687, 285 N.W.2d 102 (1979).

A refusal to submit to a chemical test occurs within the meaning of the implied consent law when the licensee, after being asked to submit to a test, so conducts himself as to justify a reasonable person in the requesting officer's position in believing that the licensee understood that he was asked to submit to a test and manifested an unwillingness to take it. *Wohlgemuth v. Pearson, supra.*

To constitute a refusal to submit to a chemical test required under the implied consent statute, the only understanding required by the licensee is an understanding that he has been asked to take a test. It is no defense to refusal that he does not understand the consequences of refusal or is not able to make a reasoned judgment as to what course of action to take. *Wohlgemuth v. Pearson, supra.*

In the case at bar the appellant's request to consult with an attorney constituted a qualified or conditional refusal to take the test, and the police officer, the Director of the Department of Motor Vehicles, and the District Court all found that there was a refusal to take the test. The only issue here is whether there was a refusal to take the test, and the issue of possible prejudice to the State from the delay is immaterial.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.