Theresa A. ROGERS, Plaintiff-Appellant,

v.

Alan CHARNES, Director of the Department of Revenue, State of Colorado, Defendant-Appellee.

No. 82CA0478.

Colorado Court of Appeals, Div. I.

Nov. 26, 1982.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Roger R. Morris, Asst. Atty. Gen., Denver, for defendant-appellee.

PIERCE, Judge.

Plaintiff's driver's license was revoked because she refused to take any chemical tests after she was arrested for driving under the influence of alcohol. On review, the district court affirmed the revocation, and plaintiff appeals. We affirm.

Plaintiff was stopped by a police officer who had observed her driving in a very erratic manner. She was given roadside sobriety tests which she did not pass. Approximately one-half hour after her arrest, at the local police station, she refused to take a chemical test, after having been fully advised pursuant to the implied consent statute. Section 42–4–1202, C.R.S.1973. Approximately one hour and fifteen minutes later, she changed her mind and offered to submit to a test, but the police officer refused to have it administered.

At the administrative hearing for the revocation of her license, plaintiff failed to present evidence to negate the proposition that the long delay between her initial refusal and later consent would have materially affected the result of the test.

▆▆▆ The facts and controlling law are not disputed in this matter. Plaintiff's initial refusal to take the test was sufficient grounds upon which to revoke her license. *See Calvert v. Motor Vehicle Division*, 184 Colo. 214, 519 P.2d 341 (1975). The law now, and at the time of this hearing, was settled. While a refusal to submit to a test may be cured by later consent, it is plaintiff's burden to prove the delay would not have materially affected the results of the test. *Zahtila v. Motor Vehicle Division*, 39 Colo.App. 8, 560 P.2d 847 (1977).

▆▆▆ Our review of this record, plus plaintiff counsel's full knowledge of the facts and his accurate understanding of the law, leads us to conclude this appeal is frivolous,

David Burnell Smith, Littleton, for plaintiff-appellant.

and was filed only to effect an unwarranted delay to the revocation of plaintiff's license. Therefore, pursuant to C.A.R. 38, we assess attorney's fees of $500 against plaintiff and in favor of defendants.

The judgment is affirmed.

COYTE and KELLY, JJ., concur.