522 So.2d 941 (1988)
Desmond B. LARMER, Petitioner,
v.
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 87-1408.
District Court of Appeal of Florida, Fourth District.
March 16, 1988.
Rehearing Denied April 28, 1988.
*942 Mark King Leban of Law Offices of Mark King Leban, P.A., and James H. Woodard, Miami, for petitioner.
Enoch J. Whitney, General Counsel, and R.W. Evans, Asst. General Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, for respondent.
GLICKSTEIN, Judge.
This is a petition for certiorari of the Circuit Court's order denying review there, by certiorari, of the County Court's order which suspended petitioner's driver's license. We grant the petition, quash the order and remand with direction to proceed in accordance herewith.
The order of the County Court Judge has been very helpful because of its completeness and specificity. Its material parts are as follows:
The defendant was arrested for driving under the influence on December 24, 1986 and promptly taken to the Batmobile, where Officer John P. Collins, Broward Sheriff's deputy, fully advised the defendant of Florida's Implied Consent Law, and asked the defendant if he would take a Breathalyzer test. The officer advised the defendant that he would lose his license for one year if he refused the test. The defendant stated that he would not take the test until he could speak with his employer or an attorney. Officer Collins construed this response as a refusal to take the test and turned off the videotaping equipment which had, thus far, recorded events at the police station. Within one or two minutes after turning off the machine, the defendant was permitted to place a telephone call to his employer who advised the defendant to request permission to take the Breathalyzer test. Officer Collins refused to allow the defendant to take the test.
It was within a few minutes of the defendant's initial refusal to take the test and his telephone call to his employer that his request to take the test was refused.
The Court concludes that (1) The Implied Consent Law does not provide a driver with a pre-breathalyzer test right to counsel, State v. Hoch, 500 So.2d 597 (Fla. 3d DCA 1986); (2) Once the defendant refused to take the test unless he could consult with his employer or counsel, he did not thereafter have the right to retract or withdraw that refusal; (3) The defendant refused at the moment of truth and could not recant his refusal moments later.
This court has written a number of times about highway carnage; and because such continues, the subject will doubtless be addressed appropriately again in the future. Concern for public safety, however, cannot sweep away legitimate arguments which militate against the enforcement of a wooden rule. The previous holding of this court that one arrested for DUI cannot refuse a breathalyzer test because of a right to counsel, Nelson v. State, 508 So.2d 48 (Fla. 4th DCA 1987), is not dispositive of this case. What is involved here is whether that individual, after refusing to take the test, can rescind that decision and avoid the penalty for refusal; and if so, upon what conditions.
On these issues respondent is silent, arguing instead (a) that the state, not the Department, is the proper respondent, and (b) certiorari is not the proper remedy. We reject respondent's arguments.
*943 The heart of the petition, which we find persuasive, begins with the holding in Lund v. Hjelle, 224 N.W.2d 552, 557 (N.D. 1974):
Since the accuracy of a chemical test under [the Implied Consent Law] does not depend upon its being administered immediately after an arrest, accident or other event, and thus a delay for a reasonable period of time while an arrested person considers or reconsiders a decision whether or not to submit to a chemical test will not frustrate the object of the legislature in enacting [the Implied Consent Law], we hold that where, as here, one who is arrested for driving while under the influence of intoxicating liquor first refuse[s] to submit to a chemical test to determine the alcoholic content of his blood and later changes his mind and requests a chemical blood test, the subsequent consent to take the test cures the prior first refusal when the request to take the test is made within a reasonable time after the prior first refusal; when such a test administered upon the subsequent consent would still be accurate; when testing equipment or facilities are still readily available; when honoring a request for a test, following a prior first refusal, will result in no substantial inconvenience or expense to the police; and when the individual requesting the test has been in police custody and under observation for the whole time since his arrest.
(emphasis added).
In State v. Moore, 62 Haw. 301, 614 P.2d 931, 935 (1980), Hawaii aligned itself with those jurisdictions holding that an initial refusal to be tested could be withdrawn and rescinded, rejecting any "rule of law which would rigidly and unreasonably bind an arrested person to his first words spoken, no matter how quickly and under what circumstances those words are withdrawn." The court in Moore found "the better rule to be one which takes into consideration the fairness to all parties of permitting an arrested person later to change his mind" and that the defendant's retraction of his initial refusal "was made within thirteen minutes of his refusal to sign the Implied Consent Form." Id. The court there held that "unless a delay would materially affect the test results or prove substantially inconvenient to administer, a subsequent consent may cure a prior refusal to be tested." Id.
Similarly, the court in Zahtila v. Motor Vehicle Division, Department of Revenue, 39 Colo. App. 8, 560 P.2d 847, 848-49 (1977), implied that a delay of twenty-five minutes between the initial refusal and the retraction of the refusal would not necessarily materially affect the result of any such test permitted after the retraction; and it remanded for a determination of whether the twenty-five minute delay would affect the test results. The court held:
While a motorist has no right under the statute to confer with counsel prior to deciding whether he will consent to a test ..., where, as here, he is permitted to do so, thereafter consents to the test, and the officer is available to see that the test is administered, the primary purpose of the statute is fulfilled unless the delay will materially affect the result of the test.
39 Colo. App. at 10, 560 P.2d at 849. (citations omitted).
The court in Gaunt v. Motor Vehicle Division, Department of Transportation, State of Arizona, 136 Ariz. 424, 666 P.2d 524 (Ct.App. 1983), adopted the "flexible rule that subsequent consent cures the prior refusal unless the delay would materially affect the test result, or would substantially inconvenience the police." 666 P.2d at 527. The court found that an "absolute rule" prohibiting a subsequent consent after an initial refusal
could lead to unnecessarily harsh and self-defeating results. It is not hard to imagine circumstances where the defendant, soon after declining to take the breath test, has second thoughts. If the test results would remain valid, and if no material inconvenience is caused to the police, we fail to see the harm in permitting the defendant to subsequently consent to take the test.
... By approving a flexible rule we believe that this important evidence *944 will be more frequently available and therefore the prophylactic purpose of the implied consent law will be achieved.

Id. (emphasis added). Accord Noland v. State, Dept. of Transp., 151 Ariz. 466, 728 P.2d 685 (Ct.App. 1986). See also Sedlacek v. Pearson, 204 Neb. 625, 284 N.W.2d 556 (1979) (initial refusal followed by consultation with counsel who advised defendant to take the breath test, held not a refusal despite the fact that the licensee had no right to confer with counsel; license ordered returned); Stone v. McCullion, 27 Ohio App.3d 112, 500 N.E.2d 326 (1985) (delay of fifteen minutes between defendant's initial refusal until his attorney told him to take tests was not unreasonable and lower court's order upholding suspension of driver's license for one year based on a refusal was reversed); Fleckenstein v. Bureau of Motor Vehicles, 44 Ohio Misc. 1, 335 N.E.2d 756 (Mun.Ct. 1975) (no refusal found where defendant's change of mind came eight minutes after initial refusal); and Peterson v. Dorius, 547 P.2d 693 (Utah 1976) (one hour delay not a refusal).
Here, as in the cited cases, petitioner's retraction of his initial refusal came moments after that refusal, while petitioner was continuously in the presence of the police officers, and in circumstances where no inconvenience would result by permitting him immediately thereafter to take the test that would produce the evidence that is the object and intent of Florida's Implied Consent Law.
ANSTEAD, J., concurs.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
While I am in sympathy with Judge Glickstein's analysis, I do not feel that either the trial court or the reviewing court departed from the essential requirements of the law or permitted a violation of due process. As a consequence, I would deny certiorari.