[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Marjorie Cusano. appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of her blood after being arrested on a charge of operating a vehicle while under the influence of alcohol. the plaintiff appeals pursuant to § 4-183. The court finds in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. Police Officer Doerfler of the Southington Police Department stopped the plaintiff operating her vehicle on February 16, 1996, at 9:40 P.M. and subsequently arrested her, charging her with operating under the influence of alcohol in violation of General Statutes § 14-227a. He then transported her to the Southington police headquarters.
Officer Doerfler's written report, which was admitted in evidence at the administrative hearing, states that the officer requested the plaintiff to submit to a breath test at the Southington police station. Although the plaintiff's testimony at the hearing indicates that she did not understand the procedure, she concedes in her brief to the court that she refused to be tested at that time. According to the paper tape generated by the breath test machine, which was also in evidence, the plaintiff's refusal occurred at 10:26 P.M.
A few minutes later, while the plaintiff was sitting in a room in the police station waiting for Officer Doerfler to release her, Sergeant Mongillo of the Southington Police CT Page 8259 Department came in and spoke to the plaintiff. He and the plaintiff were friends. She told Mongillo that she had been arrested and did not know whether she should submit to a test. Unaware that the plaintiff had already declined Officer Doerfler's request, Sergeant Mongillo advised the plaintiff to take the test. At that point, the plaintiff stated to Sergeant Mongillo that she would take the test.
The plaintiff then spoke to Officer Doerfler. According to his report, "she expressed an interest to take the test. When advised that she could no longer opt for the test, the accused stated, `That's all right. I'm drunk. I would have flunked it anyway.'"
According to Doerfler's report, that last conversation between him and the plaintiff occurred while he was issuing her the temporary license required by the statute. The license was in evidence, and it indicates that it was issued at 10:30 P.M.
General Statutes § 14-227b provides that one of the issues the hearing officer must decide in a license suspension case is "did (the) person refuse to submit to such test or analysis." There is no statutory definition of the word "refuse;" it carries its ordinary, commonly understood meaning "to show or express unwillingness to do or comply with." State v. Corbeil,41 Conn. App. 7, 18-19 (1996). Whether or not someone refuses to be tested, therefore, is a factual determination, which must be based on all of the circumstances that are in evidence. In the present case, the hearing officer stated his findings on the issue of refusal as follows:
 The documents in evidence establish that the (plaintiff) had permitted an unreasonable amount of time to pass before consenting to test. The processing had been nearly completed.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or CT Page 8260 decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." The court's review of the agency's factual determinations is based on the "substantial evidence" rule. "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991).
The obvious corollary to the rule is that the court may not affirm the agency's decision if the evidence in the record does not support it. In the present case, the court concludes that the evidence in the record does not support the hearing officer's determination that the plaintiff "refused" to submit to the required test within the meaning of § 14-227b.
The facts in the case, based on the evidence presented by the police, reveal that less than four minutes after her initial refusal, the plaintiff told two Southington police officers, separately, that she wanted to take the test. It seems clear that the first police officer she told, Sergeant Mongillo, would have been willing to grant her request, since it was he who suggested it. It is reasonable to infer, therefore, that the only reason that she ultimately did not take the test was that Officer Doerfler decided that "she could no longer opt for the test" and refused to administer it.
At the time Doerfler made his decision, he was still working on the plaintiff's case. If he had administered the test as she requested, he could easily have commenced it within the two hours after the plaintiff's operation of the vehicle, so the test results would have been viable as evidence under both General Statutes §§ 14-227a and 14-227b. The plaintiff testified that she had had previous encounters with Doerfler and that there was some animosity between them. Doerfler's report, on the other hand, gives no indication why he took the position so adamantly that the plaintiff "could no longer opt for the test," after only four minutes had elapsed from the time of her initial refusal. In particular, Doerfler does not indicate, nor is there any other evidence that indicates that the police would have been inconvenienced in any way by administering the test when the plaintiff requested it. The equipment was ready and available, according to Doerfler's report, and he was certified to administer it. In short, there is no reason apparent in the record for denying the plaintiff's request to be tested. CT Page 8261
Finally, in measuring what was reasonable under the circumstances, it should be noted that if the police had administered the test as the plaintiff requested, they would have secured evidence of the alcohol level of her blood that, depending on the results, (a) could have been essential in prosecuting her for the violation of § 14-227a, on which she had been charged, or (b) could have exonerated her of that charge. Instead, Officer Doerfler, without indicating any reason, arbitrarily rejected that opportunity. See Larmer v. State,522 So.2d 941, 944 (Fla.App. 1988), cited by the plaintiff.
In his subordinate finding, as noted, the hearing officer essentially acknowledges that the plaintiff's final decision was to take the test. The only basis for his finding that she "refused" it, therefore, was his determination that she waited "an unreasonable amount of time." As the foregoing analysis of the record indicates, however, there is scant, if any, evidence that the four minute period of time that it took the plaintiff to change her decision was "unreasonable" under the particular circumstances of this case. The evidence most strongly suggests, rather, that it was unreasonable for the police to refuse to accede to the plaintiff's request that she be tested.
In view of the particular facts of this case, which are undisputed and fully reflected in the record, the court finds that the hearing officer's decision was not supported by substantial evidence. Accordingly, that decision may not be affirmed.
The plaintiff's appeal is sustained.
MALONEY, J.