Argued July 27, reversed August 25, petition for rehearing denied
September 19, petition for review denied
December 12, 1972

# KAUFFMAN, *Respondent, v.* MOTOR VEHICLES DIVISION, *Appellant.*

500 P2d 473

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Keith E. Tichenor,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

The Motor Vehicles Division suspended petitioner's operator's license for refusal to submit to a chemical test of his breath. ORS 483.634. Petitioner appealed. ORS 482.560. From a judgment in favor of petitioner, following a jury verdict in his favor, the Motor Vehicles Division has appealed, assigning as error that the trial court erred in not finding as a matter of law that petitioner refused to take the breath test and thereby granting the Motor Vehicles Division's motion for a directed verdict.

On October 22, 1970, petitioner was stopped by an Oregon State Police officer while petitioner was driving his car southbound on U. S. 101 near North Bend, Oregon. He was taken to the police station, given the *Miranda*[1] warning, and requested, after appropriate warning of the consequences of refusal, to take a breathalyzer test.

Two independent contentions are made. The first

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

urges that petitioner's refusal of the state police officer's request to take the test was in violation of the statute as a matter of law. There was a conflict in the testimony between the officer and the petitioner. Since there is evidence to support a finding that the state police officer confused the petitioner concerning his rights under the statute by allowing him to wait for the arrival of his attorney before submitting to the breathalyzer test, we are bound thereby. *Johnson v. Dept. of Motor Vehicles,* 5 Or App 617, 485 P2d 1258 (1971); *Walker v. Department of Motor Vehicles,* 274 Cal App2d 793, 799, 79 Cal Rptr 433, 437 (1969); *Maxsted v. Department of Motor Vehicles,* 14 Cal App3d 982, 986, 92 Cal Rptr 579, 582 (1971).

Thus the first contention is without merit.

The evidence, however, was uncontradicted that when his attorney arrived some ten minutes after the arresting state police officer had left the police station, the attorney asked the North Bend police chief if he could give petitioner the test. Chief Lee agreed to do so. After warming up the machine he handed the tube to petitioner, who blew into it. The officer then discovered that he had failed to turn on the control switch. He immediately turned the switch to the "take" position and again asked the petitioner to blow into the tube. His attorney then advised petitioner not to do so, and accordingly he refused to do so. No reading, of course, was obtained.

Petitioner's second contention is that he complied with the statute when he blew into the tube as requested the first time, although the machine had in fact not yet been turned to the required operating position, and that he therefore was not required to do so

when Chief Lee requested him to do so the second time after the machine had been turned on.

ORS 483.634[②] does not specify whether or not the test submitted to by the driver must be completed in order to excuse the driver from submitting to the test a second time.

In *State v. Greenough,* 7 Or App 520, 491 P2d 630 (1971), Sup Ct *review denied* (1972), this court said:

"The policy behind the Implied Consent Law is clear; it is to remove drunk drivers from the highways. * * *

"* * * * *

"* * * [W]e believe the evolution of these statutes indicates a general intent to make sobriety test results more available for use as evidence in driving under the influence trials." 7 Or App at 524-25, 529.

■ Petitioner was not prejudiced by the officer's error. Upon its prompt discovery, he was asked to breathe into the machine a second time. There is no contention that the machine was not in proper operating order or that the unmeasured first blow could have affected a correct measurement of the one he refused.

Therefore, since the policy of the statute to remove drunk drivers from the highways outweighs any possible prejudice which the second attempted test would have caused the petitioner, we conclude that

---

[②] ORS 483.634(1) states:

"Any person who operates a motor vehicle upon the highways of this state shall be deemed to have given consent, subject to ORS 483.634 to 483.646, to a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for driving a motor vehicle while under the influence of intoxicating liquor in violation of subsection (2) of ORS 483.992 or of a municipal ordinance. * * *"

petitioner as a matter of law was not justified or excused in refusing to submit to the breathalyzer test a second time. The motion for a directed verdict should have been allowed.

Reversed.