Argued and submitted November 25, 1985, reversed and remanded with instructions
January 29, 1986

## In the Matter of the Suspension of
## the Driving Privileges of:
## HAY,
*Respondent,*
*v.*
## MOTOR VEHICLES DIVISION,
*Appellant.*
(84-09-05386; CA A34492)

713 P2d 641

Philip Schradle, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James E. Mountain, Jr., Solicitor General and Dave Frohnmayer, Attorney General, Salem.

Ivan M. Karmel, Portland, argued the cause for

respondent. With him on the brief were Connie L. Isgro and Benziger & Karmel, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The Motor Vehicles Division (MVD) appeals from a circuit court judgment invalidating its suspension of petitioner's driving privileges. MVD contends that the circuit court erred in considering whether the notice of suspension of his driver's license satisfied ORS 183.415(2)(c), when petitioner did not raise the issue at his license suspension hearing. MVD alternatively argues that the circuit court erred in determining that the requirements of ORS 183.415(2)(c) were not satisfied. We reverse.

On July 27, 1984, petitioner was arrested for driving under the influence of intoxicants in violation of *former* ORS 487.540.[1] Because he refused to take a breathalyzer test, the arresting officer gave him a form explaining that his driver's license would be suspended.[2] Petitioner requested a hearing, pursuant to *former* ORS 482.541, to contest the validity of the license suspension.[3] The hearing was held on August 13, 1984. Petitioner challenged the adequacy of service of the notice of the time, date and place of the hearing under the Administrative Procedures Act, ORS 183.310, *et seq.* The hearings officer concluded that petitioner had been properly served under ORS 183.415(1) and (2)(a) and upheld the license suspension.[4]

Petitioner then filed a petition for review with the circuit court, again arguing that notice was improper under

---

[1] *Former* ORS 487.540 was repealed by Or Laws 1983, ch 338, § 978, and replaced by Or Laws 1983, ch 338, § 587, *as amended by* Or Laws 1985, ch 116, § 293 (now ORS 813.010), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[2] The form is labeled NOTICE OF INTENT TO SUSPEND AND TEMPORARY PERMIT.

[3] *Former* ORS 482.541 was repealed by Or Laws 1985, ch 16, § 475, effective January 1, 1986. Replaced by Or Laws 1983, ch 338, § 358, *as amended by* Or Laws 1985, ch 16, § 167; ch 672, §§ 1, 13 (now ORS 813.410), effective January 1, 1986. Or Laws 1983, ch 338 § 981.

[4] ORS 183.415 provides in part:

"(1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail.

"(2) The notice shall include:

"(a) A statement of the party's right to hearing, or a statement of the time and place of the hearing."

ORS 183.415(1).[5] At oral argument before the circuit court, petitioner additionally argued that MVD had failed to provide him with adequate notice, under ORS 183.415(2)(c), of the statutes and rules which would be involved in the hearing. On November 19, 1984, the circuit court held that MVD had failed to give petitioner notice of what administrative rules, if any, would be involved in the license suspension hearing, in violation of ORS 183.415(2)(c). The circuit court reversed the order of the hearings officer. MVD appeals.

■■ The issue is whether the court erred in considering whether notice provided to petitioner satisfied ORS 183.415(2)(c). To be entitled to judicial review of a particular agency action a party must have properly raised a challenge to that action before the agency. *See Mullenaux v. Dept. of Revenue,* 293 Or 536, 540, 651 P2d 724 (1982); *Marbet v. Portland General Electric Co.,* 277 Or 447, 456, 561 P2d 154 (1977); *Neely v. State Compensation Dept.,* 246 Or 522, 525, 426 P2d 460 (1967). At the license suspension hearing in this case, petitioner objected only that MVD's method of providing notice of the time, place and date of the hearing was improper. He did not, however, object that MVD had failed to provide him with notice of the statutes and rules which would be involved in the hearing. The circuit court, therefore, should not have addressed that question.

As to the merits of the issues properly before the trial court, petitioner's position is not well taken.

Reversed and remanded with instructions to enter a judgment for the Motor Vehicles Division.

---

[5] Petitioner made this argument in his "Memorandum in Support," which was incorporated into his petition for review in the circuit court.