Argued and submitted April 4, affirmed August 6, reconsideration denied October 31, petition for review denied November 20, 1986 (302 Or 299)

In the Matter of the Driver's
License Suspension of
Harold David Buck, Petitioner.

BUCK,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(850429 601; CA A37283)

723 P2d 338

Douglas B. Osborne, Klamath Falls, argued the cause for petitioner. With him on the brief was Osborne & Spencer, Klamath Falls.

David Schuman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner is a resident of and licensed to drive in Oregon. In January, 1985, he was convicted in California of driving under the influence of intoxicants (DUII). Pursuant to the California court's sentence for a first conviction, he paid a fine and completed an alcohol treatment program. His driving privileges in California were restricted. The Motor Vehicles Division (MVD) then notified petitioner that his Oregon driving privileges would be suspended for one year because of the DUII conviction. Following a hearing, a final order was issued for a one-year suspension. Petitioner seeks review, and we affirm.

MVD relied on *former* ORS 486.211[1] and *former* ORS 482.430(4)(a)[2] to support the license suspension. Petitioner challenges application of both statutes to him. Because the suspension is valid under *former* ORS 486.211, we need not address his argument as to *former* ORS 482.430.

*Former* ORS 486.211, as relevant here, provided:

"Except as otherwise provided in ORS 482.820, the division shall revoke or suspend the license or permit or right to apply of any person who:

"* * * * *

"(3) Has been convicted in any municipal, justice, county, district or circuit court of this state, or by a court of competent jurisdiction of any state, of one of the following offenses:

"* * * * *

"(g) Driving any vehicle upon any highway while under the influence of intoxicants."

The statutory language is clear and unambiguous, and the suspension is mandatory: If any person has been convicted by a court of competent jurisdiction of any state of driving a

---

[1] *Former* ORS 486.211 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981). There is no present equivalent to it in ORS.

[2] *Former* ORS 482.430 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981) and replaced by ORS 813.400, Or Laws 1983, ch 338, § 353(8), *as amended by* Or Laws 1985, ch 16, § 166(8); Or Laws 1985, ch 393, § 10a(8); and Or Laws 1985, ch 669, § 2a(8).

vehicle on any highway while under the influence of intoxicants, MVD must suspend the person's driver's license. Therefore, unless *former* ORS 482.820[3] precludes it, suspension of petitioner's license is valid.

*Former* ORS 482.820, the Driver License Compact (Compact), provided, in pertinent part:

### "ARTICLE III
### "REPORTS OF CONVICTION

"The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted; describe the violation specifying the section of the statute, code or ordinance violated; identify the court in which action was taken; indicate whether a plea of guilty or not guilty was entered, or the conviction was a result of the forfeiture of bail, bond or other security; and shall include any special findings made in connection therewith.

### "ARTICLE IV
### "EFFECT OF CONVICTION

"(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state, in the case of convictions for:

"* * * * *

"(2) Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or a controlled substance, or under the influence of any other drug or substance to a degree which renders the driver incapable of safely driving a motor vehicle."

Petitioner argues that, because Oregon must "give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state," his first DUII offense should be treated as though it occurred in Oregon, where he might have been eligible for a

---

[3] *Former* ORS 482.820 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981) and reenacted as ORS 802.540. Or Laws 1983, ch 338, § 168.

diversion program and his conduct might not have resulted in a conviction.[4]

■ ■   Petitioner's argument fails. The two statutes, read together, provide that MVD must suspend a person's license if the conduct reported, had it occurred in Oregon, would constitute DUII in this state. The "conduct reported, pursuant to Article III" simply includes the name of the person convicted, the statutory description of the violation, the name of the court and whether the conviction resulted from plea or forfeiture of bail. That limited information is not sufficient to allow a determination of whether the person could qualify for Oregon's diversion program. We conclude that the term "conduct," under Article IV of *former* ORS 482.820, refers to the facts and substantive elements of offenses, not to a state's special procedural opportunities to avoid conviction.[5] The Compact protects licensees from an Oregon suspension based on out-of-state conduct that, had it occurred in Oregon, would not constitute an offense requiring suspension.[6] Here, the conduct reported by California would constitute DUII in Oregon; therefore, MVD was required to suspend petitioner's license.

Affirmed.

---

[4] The diversion statutes, *former* ORS 484.445 through 484.480, were repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981), and reenacted as ORS 813.200 through 813.270, Or Laws 1983, ch 338, § 369, *as amended by* Or Laws 1985, ch 16, § 191. A person charged with DUII is not automatically eligible for diversion. The defendant must petition for a diversion agreement and meet various procedural and substantive qualifications. Even then, acceptance is not mandatory. Only after gaining admission to the program and successfully completing it may a defendant move to have the DUII charge dismissed.

[5] MVD can do no more than examine the conduct reported by a foreign state as constituting an offense and inquire as to whether that conduct matches Oregon's definition of the offense.

[6] For example, if another state establishes a culpable blood alcohol level lower than Oregon's and an Oregon resident is convicted of DUII solely on that basis, his Oregon license could not be suspended, because that conduct is not a violation of any Oregon law.