Argued and submitted September 14, reversed and remanded for new trial
November 12, 1987

# STATE OF OREGON,
*Appellant,*

*v.*

# ALAN LEROY OLSON,
*Respondent.*

(C 7407; CA A43882)

744 P2d 1327

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David Brian Williamson, St. Helens, argued the cause for respondent. With him on the brief was Williamsons & Hunnicutt, St. Helens.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was charged with driving while under the influence of intoxicants. ORS 813.010. The state appeals from an order granting defendant's pretrial motion to exclude evidence of the Intoxilyzer test results on the basis that the administering officer failed to "complete" the operator's checklist as required by ORS 813.160 and OAR 257-30-020(1)(a).[1] The only question before us is whether the officer's failure to mark one of the nine boxes appearing on the checklist renders the test result inadmissible in a subsequent prosecution. We hold that it does not. Accordingly, we reverse.

The officer filled out the required checklist of things which he did in performing the test. He marked every box on the list except "F," which attests to the actual taking of the breath sample.[2] He did, however, fill in the blank space corresponding to that box which asks for the time that the sample was taken. Therefore, the checklist itself shows that step "F" was performed at the time indicated. Moreover, the officer

---

[1] ORS 813.160(1)(b) provides, in pertinent part:

"Chemical analyses of a person's breath shall be performed by an individual possessing a valid permit to perform such analyses issued by the Department of State Police and shall be performed according to methods approved by the Department of State Police."

The approved method for the Intoxilyzer used in this case is found in OAR 257-30-020(1)(a), which requires:

"A check list containing an outline of the approved procedure, name of the subject to be tested, date, and time of the test, name of person requesting test and his agency, operator's name, permit number and enforcement agency, location of test, instrument model and serial numbers, recognition of 15 minute pretest requirement, result of test in percent blood alcohol, and operator's signature shall be used and completed by all operators of this instrument."

[2] Box "F" is followed by:

"The operator disconnected the Breath Tube from the Pump Tube and connected a clean mouthpiece to the Breath Tube. The operator had the subject inhale and then blow into the Breath Tube, giving as long an expiration as possible with the Breath Pressure lamp on for the entire time of the expiration. The numbers on the Digital Display increased and leveled off when the sample cell was filled with an adequate amount of deep lung breath. If the sound of the printer was heard, after the subject stopped blowing and the Breath Pressure Lamp was extinguished, the collection of a proper sample and printout of the result was indicated. If the sound of the printer was not heard, the operator had the subject blow into the Breath Tube again, as many times as necessary, until the sound of the printer was heard after the subject stopped blowing and the Breath Pressure Lamp was extinguished.

"Time Sample Taken ＿＿＿＿＿＿＿＿＿＿"

testified at trial that he completed each step, including "F."[3] From this record, it is clear that the operator merely made a "scrivener's error" in failing to mark box "F" when he filled in the time that the sample was taken. Completion of the checklist is not an act performed for its own sake. The checklist and the officer's testimony together establish that a valid result was produced.

The state relies on *State v. Ramsey,* 17 Or App 665, 523 P2d 601 (1974), where we concluded that the entry of an erroneous ampoule batch number on a similar checklist, used in conjunction with an Intoxilyzer test, simply went to the weight to be given to the test evidence, not to its admissibility. It is a logical extension of *Ramsey* that the same is true of the officer's omission in this case. Accordingly, the test results are admissible; the officer's omission goes to the weight of his testimony and the weight to be given the test results.

Reversed and remanded for a new trial.

---

[3] Defendant admits that it is clear from the operator's testimony that he, in fact, took the breath sample. Defendant contends, however, that it is unclear whether the operator used a clean mouthpiece as required by step "F." However, the operator further testified that only unused, sterile mouthpieces are available, because used ones are immediately discarded.