Argued and submitted December 9, 1987, affirmed February 10, 1988

## WILCOX,
*Petitioner,*

*v.*

## MOTOR VEHICLES DIVISION,
*Respondent.*

(860826 3639; CA A43784)

750 P2d 181

Bruce A. Bass, Hillsboro, argued the cause and submitted the brief for petitioner.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This case involves the Motor Vehicles Division's suspension of petitioner's driver's license on the basis of his California conviction for driving under the influence of intoxicants (DUII).

Petitioner, an Oregon resident, was convicted of DUII in California.[1] It was his first such conviction in any state.[2] Nine months later, MVD, after having received notification from California of the conviction, issued petitioner a notice of suspension. In an administrative hearing, the referee held that the suspension was valid, pursuant to the provisions of ORS 813.400,[3] ORS 809.420(2)(a)[4] and ORS 809.400.[5] Petitioner seeks review of that order. We affirm.

Under virtually identical facts, in a case decided under former code provisions, we upheld a suspension of a

---

[1] The California statute defines DUII in essentially the same way as it is defined under Oregon law. Cal Veh Code § 23152(6).

[2] The California court sentenced petitioner to three years probation, subject to several conditions, including three days in jail, $680 in fines and evaluation fees and alcohol school, which petitioner completed in Oregon. The court did not suspend petitioner's driving privileges in California.

[3] ORS 813.400 provides, in part:

"Driving any vehicle upon any highway or on premises open to the public while under the influence of intoxicants constitutes grounds for suspension of driving privileges. The following apply to this section:

"(1) Upon receipt of a record of conviction for an offense described in this section, the division shall suspend the driving privileges or right to apply for driving privileges."

[4] ORS 809.420(2)(a) provides:

"This section establishes schedules of suspension or revocation periods. The schedules are applicable upon conviction for the offense when made applicable under ORS 809.410 and 813.400. The schedules are as follows:

"* * * * *

"(2) Schedule II. The suspension or revocation periods under Schedule II are as provided in this subsection. The period of suspension or revocation under this schedule shall be:

"(a) First conviction within a five-year period, one year.

"(b) Second or subsequent conviction within a five-year period, three years."

[5] ORS 809.400 provides, in pertinent part:

"(1) The division may suspend or revoke the driving privileges of any resident of this state upon receiving notice of the conviction of such person in another state of an offense therein that, if committed in this state, would be grounds for the suspension or revocation of the driving privileges of the person."

driver's license. *Buck v. Motor Vehicles Division,* 80 Or App 505, 723 P2d 338, *rev den* 302 Or 299 (1986). The issue before us is whether the same result is mandated today, given recent legislative changes.

Petitioner focuses on what he perceives to be an inconsistency in the current statutory scheme. He points first to ORS 813.400, which provides that the MVD "shall" suspend driving privileges on receipt of a record of conviction for DUII. He asks us to observe, however, that the statute does not mention foreign convictions, as did the statute which it replaced, ORS 486.211. Next, he points to ORS 809.400, which specifically covers out-of-state convictions, but does not mention DUII convictions. He notes that subsection (1) of that statute is discretionary, providing that the MVD "may" suspend driving privileges on notice of an out-of-state conviction, where the offense, "if committed in this state, would be grounds for suspension."

Petitioner argues that the referee relied improperly on ORS 813.400 as the basis for the suspension, because that statute does not pertain to out-of-state convictions. He claims that the effect of MVD's interpretation would make ORS 809.400 superfluous with regard to out-of-state DUII convictions.

Under the provisions of the Driver License Compact, ORS 802.540, a foreign state is required to report motor vehicle related convictions of Oregon residents. ORS 809.400(1) gives MVD discretion to suspend driving privileges on notice of an out-of-state conviction. ORS 813.400(1) deals specifically with DUII convictions and *requires* suspension upon notice of a DUII conviction. The two provisions should be read consistently, if possible. *Vaughn v. Pacific Northwest Bell,* 289 Or 73, 611 P2d 281 (1980). We conclude that the most reasonable reading is that the discretion accorded under ORS 809.400(1) with respect to suspension upon notice of out-of-state convictions generally is limited by the mandatory language of ORS 813.400(1), which we conclude applies to all DUII convictions, including those of which DMV receives notice under the compact. The referee correctly suspended petitioner's license on the basis of the out-of-state conviction.

Petitioner asserts that his suspension offends the

Driver License Compact. He argues that the referee's interpretation does not square with the promotion of "just and equitable" reciprocity under the compact. He characterizes his plight as that of one who has received "double-barrel" punishment. In that regard, he alludes to the fact that, in California, he completed an alcohol school that exceeds Oregon's diversion requirements. The net result, given the Oregon suspension, is that he is being punished twice for what happened in California.

■      We held that the suspension was proper. In *Buck v. Motor Vehicles Division, supra,* we interpreted the same terms of the compact, *former* ORS 482.820,[6] and held that the compact promotes a just and equitable application of the law by ensuring that the home state treats out-of-state conduct the same as it would treat such conduct in the home state. Here, as in *Buck*, petitioner's out-of-state conduct matches Oregon's definition of the offense of DUII. Accordingly, we conclude that suspension of petitioner's driving license was proper.

Affirmed.

---

[6] *Former* ORS 482.820 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981) and reenacted as ORS 802.540. Or Laws 1983, ch 338, § 168.