## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL LYNN ROE,
*Respondent.*

(88-CR-010; CA A49390)

770 P2d 69

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Henry Silberblatt, Salem, argued the cause for respondent. On the brief were Gary D. Babcock, Public Defender, and Glenn N. Solomon, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was convicted, after trial in the Morrow County Justice Court, of driving under the influence of intoxicants. ORS 813.010. He appealed to district court, pursuant to ORS 157.010, and moved, before trial, to suppress evidence of the Intoxilyzer test administered to him. The court allowed the motion, and the state appeals. We reverse.

Defendant argued below that, because the officer who conducted the Intoxilyzer test incorrectly recorded the serial number of the machine used, he therefore did not follow the applicable rule. OAR 257-30-020(1)(a) provides:

"A check list containing an outline of the approved procedure, name of the subject to be tested, date, and time of the test, name of person requesting test and his agency, operator's name, permit number and enforcement agency, location of test, *instrument model and serial numbers,* recognition of 15 minute per-test [*sic*] requirement, result of test in percent blood alcohol, and operator's signature shall be used and completed by all operators of this instrument." (Emphasis supplied.)

The only evidence presented on the motion was the checklist used by the officer for the test and the evidence card on which the instrument printed the reading. On each document the officer had written the serial number of the machine. There was a one digit difference between the two documents. The checklist designated 2710744, while the evidence card listed 27101744. Defendant argues that, because the numbers were different, one of them was necessarily incorrect and the regulation requires that the serial number be recorded accurately on the checklist was therefore violated.

The court took the matter under advisement[1] and, with no additional findings, signed an order:

"NOW THEREFORE IT IS HEREBY ordered that the results and all related information is [*sic*] suppressed because

---

[1] The court commented at the close of the hearing:

"It wouldn't make any difference which way I rule here. If it was appealed, I would be wrong in the Court of Appeals. Now, that's just the way it works. I had some of these little matters appealed a while back, and this bad, bad judge, Mr. Van Hoomissen, who's now been elected to the Supreme Court, said I was in left field."

the Boardman Police Department violated the defendant's constitutional and statutory rights."

■ We reverse the order for two reasons. First, defendant had the burden to establish that the serial number listed by the officer on the checklist was wrong. He proved only that it was different from the number listed on the evidence card. Although one of the numbers must be incorrect, defendant has not proved by a preponderance of the evidence which one is wrong. He depends on the requirements of the regulation, which only requires a listing of the number on the checklist. Thus, as a matter of law, he has not proven that the checklist is incorrectly filled out.

■ The second reason why we reverse is that it was preposterous for the trial judge to conclude that an incorrect writing of the serial number on the checklist is by itself a basis for suppressing the results of this Intoxilyzer test. It has nothing to do with performance of the test or its accuracy as evidence. *State v. Olson,* 88 Or App 271, 744 P2d 1327 (1987).

Reversed and remanded.