Argued and submitted March 28, reversed and remanded with instructions
May 30, 1990

In the Matter of the Suspension of
the Driving Privileges of

COBINE,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(89P-1027; CA A61524)

792 P2d 469

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, P.C., Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The circuit court vacated the order of the Motor Vehicles Division (MVD) suspending petitioner's driving privileges. MVD appeals, arguing that substantial evidence supports its order and that petitioner received timely notice of the hearing procedures. We reverse.

Officer Tallen stopped petitioner's vehicle and smelled alcohol on his breath. During field sobriety tests, petitioner said that he had a war wound in his stomach and some problems with emphysema. Tallen took petitioner to the police station for a breath test. Petitioner blew into the Intoxilyzer but did not blow long enough or hard enough to complete a sample. After 26 minutes and approximately eight attempts, Tallen asked petitioner several times if he was willing to continue, and petitioner said, "No." Tallen warned petitioner that his failure to continue would constitute a refusal.

A green light on the Intoxilyzer indicates when one's breath is being registered. When the printer clicks, the sample is complete. Tallen told petitioner to watch the green light and keep it lit. While petitioner was blowing, the green light flickered on and off but was mostly off. He took deep breaths and puffed up his cheeks, but Tallen could hear air going through the tube only when the green light was lit. Tallen thought petitioner was blocking the end of the mouthpiece. He told petitioner not to put his tongue on the end of the mouthpiece, and petitioner responded, "How do you know?" After petitioner had left the station, Tallen put in a clean mouthpiece, tested the Intoxilyzer and found it in working order. He did not examine the mouthpiece that petitioner had used.

Petitioner is 61 years old. He testified that he had had stomach surgery three months before his arrest. He also has "touches of emphysema," for which he takes medication. He testified that he had trouble breathing the day of his arrest and blew as hard as he could.

Petitioner was represented by counsel at the suspension hearing. Immediately before the hearing, petitioner received a form, pursuant to ORS 183.413(2), that explains some of the procedures followed at the hearing and for appeal.

During closing arguments, petitioner's counsel argued that the notice was provided too late to satisfy ORS 183.413(2).

The hearings officer held that petitioner refused to take the breath test when he would not give an adequate breath sample and when he declined to continue trying. *See* ORS 813.100(3). He found that petitioner was "not trying his best to give an adequate breath sample" and found not credible petitioner's testimony that he was blowing as hard as he could. He reasoned:

> "The fact that he could take a deep breath and puff up his cheeks tends to indicate that he had the physical capability of giving a sustained breath sample, and certainly the capability of keeping the green light on for more than a mere flickering.
>
> "The Petitioner's response to the officer's directive to not put his tongue over the end of the mouthpiece was 'How would you know?' If the Petitioner had not been putting his tongue over the end of the mouthpiece or in some other way impeding the flow of air into the breath tube, one would expect an outright denial and not 'How would you know?' "

He held also that ORS 183.413 was satisfied when petitioner received notice before the hearing. The circuit court reversed, holding that the record did not contain substantial evidence to support MVD's order. Although he need not have reached the issue, the judge stated that the Notice of Rights and Procedures was not timely provided to petitioner.

We review MVD's orders for errors of law and substantial evidence in the record to support the order. ORS 813.450; *Shakerin v. MVD,* 101 Or App 357, 790 P2d 1180 (1990). If a suspect is physically capable and the Intoxilyzer is in proper working order, the suspect must blow as many times as necessary to obtain a sample. Failure to do so constitutes a refusal. *Jones v. MVD,* 90 Or App 143, 750 P2d 1203 (1988); *Kauffman v. Motor Vehicles Div.,* 10 Or App 582, 500 P2d 473, *rev den* (1972). Petitioner does not argue that the Intoxilyzer was not working, and the evidence indicates that it was. The hearings officer implicitly found that petitioner was physically capable of providing a sample when he found that petitioner was not trying his best. Substantial evidence supports that finding. As the hearings officer noted, petitioner was able to breath in deeply and fill up his cheeks. Moreover, when

Tallen told petitioner not to block the mouthpiece, petitioner's response, "How do you know?" could be viewed as an acknowledgement that he had been blocking the mouthpiece.

■    Petitioner contends that MVD did not satisfy ORS 183.413[1] when it gave him the Notice of Rights and Procedures immediately before the hearing.[2] ORS 183.413(2) provides, in pertinent part:

> "Prior to the commencement of a contested case hearing before any agency including those agencies identified in ORS 183.315, the agency shall inform each party to the hearing * * *[.]"

Petitioner was represented by an attorney at the hearing. The statute requires that a party who is represented by an attorney be informed of such matters as: whether a record will be kept and its function, ORS 183.413(b), (c); whether the agency will be represented by an attorney, ORS 183.413(d); the function of the hearings officer, ORS 183.413(e); and the process for appeal, ORS 183.413(i). None of those matters requires advance notice to a represented party in order to be effective. The statute states that the notice must be given before the hearing begins, and in this case, it was.

Reversed and remanded with instructions to reinstate the suspension order in accordance with *Wimmer v. MVD*, 83 Or App 268, 730 P2d 1297 (1986).

---

[1] ORS 183.413 is made applicable to DMV hearings by ORS 813.410(3).

[2] Petitioner argued to the circuit court that MVD's failure to notify him of his rights earlier denied him due process. That argument was not raised at the hearing, and we do not consider it. *See Hay v. Motor Vehicles Div.*, 77 Or App 398, 713 P2d 641 (1986).