Argued and submitted April 25, reversed and remanded June 6, 1990

## STATE OF OREGON,
*Appellant,*

*v.*

## BRYAN LEE HEMKIN,
*Respondent.*

(892104; CA A62153)

792 P2d 483

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Henry M. Silberblatt, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was charged with driving under the influence of intoxicants. ORS 813.010. Before trial, he moved to suppress evidence of the Intoxilyzer test that was administered after his arrest. The court granted the motion, because the administering officer failed to copy the test result onto the Intoxilyzer checklist. The state appeals, and we reverse.

The facts relevant to defendant's motion are not disputed. Defendant was given a breath test after his arrest for driving under the influence of intoxicants. The officer complied with all test procedures, but he did not copy the test result shown on the evidence card onto the Intoxilyzer checklist. The reading on the evidence card showed a .10 blood alcohol level.

The court ruled that, because the officer failed to copy the reading onto the checklist as specified by OAR 257-30-020(1) and thereby failed to prepare a written report pursuant to ORS 813.160(3),[1] the requirements for admission of the test result had not been met.

■ ■ We have tried to make it clear that the Intoxilyzer checklist is merely a means to record how the officer performed the breath test and that its completion or lack of it does not necessarily affect the validity of the test results. *State v. Holcomb,* 99 Or App 156, 781 P2d 396 (1989); *State v. Olson,* 88 Or App 271, 744 P2d 1327 (1987). In *State v. Roe,* 95 Or App 477, 770 P2d 69, *rev den* 308 Or 142 (1989), the trial court suppressed the Intoxilyzer test result, because the officer did not write down the correct serial number of the machine on the checklist. We reversed, because

> "it was preposterous for the trial judge to conclude that an incorrect writing of the serial number on the checklist is by itself a basis for suppressing the results of this Intoxilyzer test.

---

[1] OAR 257-30-020(1)(a) provides, in pertinent part:

"A check list containing * * * result of [the] test in percent blood alcohol, * * * shall be used and completed by all operators of this instrument."

ORS 813.160(3) provides:

"An individual who performs a chemical analysis of breath or blood under ORS 813.100 or 813.140 shall prepare and sign a written report of the findings of the test which shall include the identification of the police officer upon whose request the test was administered."

It has nothing to do with performance of the test or its accuracy as evidence. *State v. Olson,* 88 Or App 271, 744 P2d 1327 (1987)." 95 Or App at 480.

Here, the trial court distinguished *Roe,* because filling out the checklist was a "mandatory step prior to the admissibility of this evidence." Our conclusion in *Roe* had nothing to do with the relative necessity of a particular testing procedure. It had to do with the fact that the failure to comply with a step in administering the breath test is not a basis to suppress if the accuracy of the test result is not jeopardized. The absence of the reading on the checklist has no bearing on the performance of the test or its accuracy as evidence. The court erred in suppressing the results.

Reversed and remanded.