Argued and submitted July 25, affirmed December 12, 1990, reconsideration denied March 13, petition for review denied April 16, 1991 (311 Or 266)

In the Matter of the Suspension of
the Driving Privileges of

David SCHREIBER,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(06 890221 9349; CA A61504)

802 P2d 706

George W. Kelly, Eugene, argued the cause and filed the brief for petitioner.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Petitioner appeals from a license suspension based on a California conviction for driving under the influence of intoxicants. *See Wilcox v. MVD,* 89 Or App 498, 750 P2d 181 (1988). We affirm.

Eighteen months after petitioner was convicted in California, California sent Oregon notice of the conviction. At the MVD hearing, petitioner testified that California had suspended his driving privileges for 90 days. He argued that suspension of his driving privileges in Oregon would subject him to double jeopardy. On appeal, he claims that the suspension order violates Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution. His reliance on those constitutional provisions is misplaced. A proceeding to suspend driving privileges is not a "prosecution" for "an offense."[1]

Affirmed.

---

[1] ORS 813.400(1) requires that MVD suspend driving privileges after "receipt of a record of conviction for an offense described in this section." Petitioner observes, correctly, that California Vehicle Code § 23153(b) allows for a conviction if a driver is on public *or* private property, but that ORS 813.400 provides for suspension only if the driver operates a vehicle "upon any highway or on premises open to the public." The record contains no direct evidence about where petitioner was driving in California when he was convicted. Petitioner argues that, without that evidence, suspension is not permitted. *See Buck v. Motor Vehicles Division,* 80 Or App 565, 569 n 6, 723 P2d 338, *rev den* 302 Or 299 (1986). However, that argument and others raised on appeal were not raised before the hearings officer. Therefore, we will not consider them. *Cobine v. MVD,* 102 Or App 17, 21 n 2, 792 P2d 469 (1990); *Hay v. Motor Vehicles Div.,* 77 Or App 398, 401, 713 P2d 641 (1986).