Argued and submitted August 9, affirmed December 8, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## RAYMOND GALLI,
*Appellant.*

(A170155; CA A78782)

865 P2d 361

Mark S. Gorski argued the cause and filed the brief for appellant.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R.

Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert Graves, Certified Law Student.

Before Deits, Presiding Judge, and Edmonds and Durham, Judges.

DURHAM, J.

### DURHAM, J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the denial of his motion to suppress evidence of the intoxilyzer test. We affirm.

Officer Rader stopped defendant for DUII and administered an intoxilyzer test. Rader advised defendant to blow into the machine with sufficient force to cause the green light to illuminate and remain illuminated. On the first attempt, defendant appeared to blow into the mouthpiece, but the green light did not come on. After Rader again instructed him on how to operate the machine, defendant blew again. The green light flickered and the machine printed an evidence card showing a "0.00" percent result. Rader determined that defendant had again failed to perform the test properly, threw away the card and asked defendant to take the test again. He agreed. During the final test, the light remained illuminated, indicating that defendant was blowing with sufficient force to obtain a valid result, and the printout showed a blood alcohol content of .09 percent.

■ ■ Defendant argues that the court should have suppressed the result of the final test, because Rader did not retain the evidence card from the first test. OAR 257-30-020(1)(c)(H) instructs officers to "[r]emove the Evidence Card from the printer slot and retain as evidence." Only errors that jeopardize the accuracy of the test require suppression. *State v. Hemkin*, 102 Or App 79, 82, 792 P2d 483 (1990).

> "[T]he evidence card is a means to record the results of the test; it does not affect the accuracy of the way in which the test was administered." *State v. Holcomb*, 99 Or App 156, 160, 781 P2d 396 (1989).

Rader's failure to retain the first card did not jeopardize the accuracy of the test at issue here. Moreover, even if Rader's failure to retain the first evidence card violated the rule as to the earlier test, defendant was not prejudiced. Although the card was not introduced into evidence, Rader testified that the first card showed a blood alcohol percentage of "0.00."

■     Defendant also argues that the first printout signalled a completed test, and that the applicable administrative rules do not authorize Rader to administer a second test. OAR 257-30-020(1)(c)(F) provides, in part:

> "After a proper sample is given, the sound of the printer will be heard * * *. If the sound of the printer is not heard, indicating that a printout did not occur after the subject stopped blowing into the Breath Tube, * * * have him blow again, as many times as necessary, until the sound of the printer is heard."

Citing *Jones v. MVD*, 90 Or App 143, 750 P2d 1203 (1988), and *Cobine v. MVD*, 102 Or App 17, 792 P2d 469 (1990), defendant contends that he gave a valid sample during the earlier test, because the machine printed an evidence card. In *Jones* and *Cobine*, the issue was whether the drivers' failure to blow into the machine with sufficient force to produce a proper sample was a refusal to submit to a breath test under ORS 813.100(3). We noted that the machine prints an evidence card when a driver gives a proper breath sample, and that the drivers had failed to blow with sufficient force to activate the printer.

We do not read *Jones* and *Cobine*, or the cited rule, to declare that a breath test is valid, or that a breath sample is sufficient for testing, merely because the printer prints a card after the subject blows. *Jones* and *Cobine* describe how a driver's failure to properly blow into the machine can be a refusal to submit to a test. Those cases and the rule do not limit the officer's authority to request the driver to provide another breath sample if the officer determines that the driver gave an improper breath sample and, as a result, the printed evidence card does not report the result of a valid test.

According to the findings, Rader determined that the initial breath sample was not valid, even though the printer printed an evidence card, because the breath pressure lamp flickered while defendant blew. He was not required to treat that conduct as a refusal. He could also request that defendant blow again in order to give a proper breath sample.

Affirmed.