STATE OF OREGON,
*Appellant,*

*v.*

STANLEY C. McCANN,
*Respondent.*

(94-7029; CA A89641)

927 P2d 129

Armstrong, J., dissented and filed opinion.

Paula Johnson Lawrence, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Margaret H. Leek Leiberan argued the cause for respondent. With her on the brief were Leiberan & Gazeley and John H. Tuthill.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

Armstrong, J., dissenting.

## EDMONDS, J.

The state appeals a pretrial order that suppressed the results of a breath test taken by defendant. We review for errors of law, *State v. Lambert*, 134 Or App 148, 894 P2d 1189 (1995), and reverse.

Defendant was arrested for driving while under the influence of intoxicants. ORS 813.010. He was taken to the police station and given a Breathalyzer test for alcohol. The officer who administered the test removed the printout card from the machine prematurely, causing the test results printed on the card to blur. The officer then, without repeating the implied consent warnings that preceded the prior test, immediately asked defendant if he would take the test again. Defendant agreed, and the test was performed a second time.

At trial, defendant objected to the admissibility of the second test result based on a purported discovery violation and because ORS 813.100(1) requires submission to only one test. His counsel told the court, "My client is not at that point required to submit to a breath test again. He had done as asked, as requested and the test had been completed." The trial court ruled that there had been no discovery violation and that defendant had completed the first test. It then held:

> "[T]he second test *although it was theoretically voluntary* by [defendant], I hold to be involuntary given the circumstances that he was in. I don't think you can say that he voluntarily gave that second test. * * * So, [defendant] submitted to a test of his breath and it is the state's problem that the test results are not usable. Therefore, there is no test. Therefore, any evidence concerning the intoxilyzer will be excluded." (Emphasis supplied.)

Thereafter, defendant moved for and the court granted a mistrial, because the second test result had been mentioned during the state's opening statement.

The case was rescheduled for trial. Before trial, the state moved *in limine* for a ruling that the results of the second test were admissible. The trial court denied the motion by written order:

"I am asked to revisit a ruling made April 5, 1995, suppressing a second breathalyzer test of defendant. The state argues that *Kauffman v. Motor Vehicles Div.*, 10 Or App 582[, 500 P2d 473] (1972) requires a different result. It does not. In *Kauffman*, the Court anticipated the distinction. 'There is no contention that the machine was not in proper operating order or that the *unmeasured first blow* could have affected a correct measurement of the one he refused.' 10 Or App at page 585. Defendant McCann gave a sample and it was measured and tested. That is all he is required to do." (Emphasis in original.)

The state appeals that pretrial ruling.

The legal issue presented by the trial court's ruling is narrow: whether ORS 813.100(1) requires exclusion of the second test result from evidence. ORS 813.100(1) provides:

"Any person who operates a motor vehicle upon premises open to the public or the highways of this state shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath, or of the person's blood if the person is receiving medical care in a health care facility immediately after a motor vehicle accident, for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants * * *."

The trial court reasoned that defendant's consent to take the second test was involuntary, not because his consent was coerced or the result of a misrepresentation, but because the statute authorizes only one test based on implied consent. Therefore, according to the trial court, the effect of the statute was to render the second test result illegal *per se*.

■ The trial court's analysis misses the mark. The statute does not control the admissibility of the second test result into evidence. Rather, it provides that a licensed driver cannot lawfully refuse to take a Breathalyzer test because consent to take the test is implied when the driver operates a motor vehicle on a public highway. Here, however, the statute is not implicated by the second test result. It governed only the admissibility of evidence about the first test. That statutory consent may not be implied for the second test says nothing about whether defendant actually consented. The

trial court erred in ruling that ORS 813.100(1) rendered the second test involuntary as a matter of law.

At trial and before us, the state relied on *Kauffman* as authority for its argument in support of its motion *in limine*. However, as the trial court correctly noted, "*Kauffman* does not require a different result" from the one it reached. In *Kauffman*, the question was whether the petitioner's driver's license should be suspended after his refusal to take a second breath test. We held that because the first test had not been completed, he was not justified in refusing to take the second test. Nonetheless, *Kauffman* illustrates the point of our analysis about the import of ORS 813.100(1): It is only implicated when there is a refusal. Here, defendant did not refuse to take the second test. Although the state's reliance on *Kauffman* is misplaced,[1] that does not mean that the statute operates to make the second test involuntary, as the court ruled. Accordingly, we reverse the trial court's order which excluded the evidence concerning the second test on that basis.

Reversed and remanded.

**ARMSTRONG, J.** dissenting.

The majority reverses the trial court's order suppressing the result of the second breath test that was administered to defendant, holding that the result is admissible if the court finds that defendant consented to take the second test. The majority thus reverses the trial court based on a theory that neither party raised below or on appeal.

The *only* argument that the state made below in opposition to suppression of the result of the second test was that the first test did not produce a valid result, so the second

---

[1] In *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), the court noted that, regarding preservation of constitutional error for purposes of appeal, there is a distinction among raising an issue at trial, identifying a source for a claimed position and making a particular argument. "The first ordinarily is essential, the second less so, the third least." *Id.* at 188. Similarly, in *Cooper v. Eugene Sch. Dist. No. 4J*, 301 Or 358, 723 P2d 298 (1986), the court articulated the same principle, explaining, "A court, however, is not confined to choosing only among the arguments and authorities cited by counsel for or against a properly identified claim." *Id.* at 370 n 12. We regard the rule of preservation as it applies to incorrect statutory interpretation to be no different.

test was properly conducted under ORS 813.100(1). It based its argument *solely* on our decision in *Kauffman v. Motor Vehicles Div.*, 10 Or App 582, 585-86, 500 P2d 473 (1972).

In *Kauffman*, the petitioner blew into a breath-test machine, but the officer administering the test failed to turn a knob on the machine to the required operating position. *Id.* at 584. As a result, when the petitioner blew into the machine, the machine did not measure petitioner's blood-alcohol content. *Id.* at 585. When the officer asked the petitioner to blow into the machine again, the petitioner refused. On appeal, the petitioner argued that he had complied with his statutory duty to complete a breath test by blowing into the machine the first time. We disagreed. After discussing this state's policy to remove drunk drivers from the highways, which, we said, outweighs the possible prejudice that a second test could cause an individual, we held that refusing to submit to a second test constituted a refusal that could be used against a person. *Id.* at 586.

Defendant distinguishes *Kauffman* on the ground that he completed the first breath test in this case. He argues that, unlike the situation in *Kauffman* where the blood-alcohol content was never measured, his blood-alcohol content *was* measured. Only the evidence card memorializing that content was unreadable. He argues that the officer could testify about the result of the test, based on the digital readout of that result on the Intoxilyzer machine, and that that testimony would be admissible. *See, e.g., State v. Holcomb*, 99 Or App 156, 158-59, 781 P2d 396 (1989).[1] He also argues that the officer could have used the reprint option on the Intoxilyzer machine to print another card.[2] Defendant contends, therefore, that he completed the first test, which distinguishes this case from *Kauffman*. I agree.

---

[1] There is no evidence in the record about whether the Intoxilyzer 5000 has a digital display, but the administrative rules that relate to the proper administration of the test indicate that it does. *See* OAR 257-030-070; *see also Holcomb*, 99 Or App at 158.

[2] The officer testified that he forgot about this option because the Intoxilyzer 5000 was fairly new when he administered the test to defendant.

In *Kauffman,* no measurement of the defendant's blood-alcohol content was ever taken. ORS 813.100(1) provides, in part, that a person who operates a motor vehicle on the highways of this state shall submit "to a chemical test of the person's breath * * * for the purpose of determining the alcoholic content of the person's blood." Defendant complied with that requirement when he took the first test in this case. In *Kauffman,* it was not possible to determine the alcohol content of the petitioner's blood. That is not so here. Defendant's blood-alcohol content was determined by the first breath test that he took. Hence, as the issue was framed at trial, the trial court did not err in suppressing the result of the second test.

The state did not argue below or on appeal that the result of the second test could be admitted as the result of a consensual search, which is the ground on which the majority decides this case. For the reasons stated in *Miller v. Water Wonderland Improvement District*, 141 Or App 403, 407 n 3, 918 P2d 849, *rev allowed* 324 Or 18 (1996), I believe that the majority errs in deciding the case on the ground that it does.[3] Based on the issue framed by the parties below, I would affirm the trial court.

---

[3] Except when the doctrine of plain error allows an appellate court to review unpreserved error, it is a fundamental principle of appellate review that a party must present to a lower court or tribunal the legal proposition that entitles it to the ruling it seeks from that tribunal, in order for the party to be in a position to ask an appellate court to reverse that ruling. *See, e.g., State v. Hitz*, 307 Or 183, 188-89, 766 P2d 373 (1988). No one suggests that plain error applies to the issue in dispute in this case, so review of that issue depends on whether the state fulfilled its obligation to tell the trial court the ground on which it was entitled to prevail on its motion. The state failed to do that.