Argued and submitted January 31, affirmed November 28, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LISA MARIE ROBERTS,
*Defendant-Appellant.*

Lane County Circuit Court
210407921; A125584

172 P3d 651

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services. On the reply brief was Ingrid Swenson, Executive Director.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals her conviction for driving under the influence of intoxicants (DUII). ORS 813.010. She assigns error to the trial court's order suspending her driving privileges for three years, arguing that the trial court erred in considering a prior out-of-state DUII conviction in calculating the length of that suspension under ORS 809.428. The state responds that defendant's challenge is beyond our scope of review, is not preserved and, in any event, fails on the merits. We affirm.

Defendant pleaded guilty to DUII. The trial court accepted defendant's plea and sentenced her to probation for three years. As required under ORS 809.240(1), the court also suspended defendant's driving privileges.[1] Neither party disputed that suspension was required; rather, the question before the court was the proper length of that suspension. Under the applicable statute—ORS 809.428(2)—the suspension period is generally "[o]ne year for a first offense" (paragraph (a)) and "[t]hree years for a second offense, where the commission of the second offense and a conviction for the separate offense occur within a five-year period" (paragraph (b)). The state argued that, because defendant had a prior DUII conviction within the relevant five-year time period, the court was required to impose a three-year suspension under paragraph (b). Defendant argued that her previous DUII conviction, because it occurred in Arizona, should not be considered in computing the period of suspension and, thus, that the court should have imposed a one-year suspension under paragraph (a). The trial court agreed with the state and ordered defendant's driving privileges to be suspended under ORS 809.428(2)(b) for a period of three years. Defendant

---

[1] ORS 809.240(1) requires the court to impose a suspension of driving privileges "for the required period" when "a person is convicted of an offense that will result in mandatory suspension or revocation under ORS 809.409, 809.411, 809.413, 813.400 or 814.403[.]" In this case, it is undisputed that defendant's conviction would result in a mandatory suspension under ORS 813.400(1), which requires the Department of Transportation to suspend the driving privileges of a person convicted of misdemeanor DUII. ORS 813.400(1), in turn, requires reference to Schedule II of ORS 809.428 to determine the length of the suspension. ORS 809.428 establishes the schedules of suspension or revocation periods, which "are applicable upon conviction for the offense."

appeals, arguing that her Arizona DUII conviction should not have been "counted" for the purpose of computing the suspension period because out-of-state DUII convictions are not "offenses" under the correct interpretation of ORS 809.428(2).

■■  We first address the state's argument that defendant's appeal is beyond our scope of review. The state's view is that ORS 138.050(1) and ORS 138.053 operate to limit our review of an appeal by a defendant who has pleaded guilty to challenges that the defendant's "sentence" exceeds the maximum allowable by law, or is unconstitutionally cruel and unusual. According to the state, a license suspension order is not part of a defendant's "sentence"; therefore, it is beyond our scope of review.[2] We recently rejected that argument in *State v. Nave*, 214 Or App 324, 327-28, 164 P3d 1219 (2007) (holding that, under ORS 138.050(1), a defendant who has pleaded guilty may challenge a "disposition," which includes revocation of driving privileges). We therefore conclude that we have jurisdiction to review defendant's challenge to the suspension of her driving privileges.

■  We likewise reject the state's contention that defendant failed to preserve her argument for appeal. During the sentencing hearing, in arguing that the trial court should impose a one-year suspension for a first offense under paragraph (a) of ORS 809.428(2), rather than a three-year suspension for a second offense under paragraph (b), defendant stated:

> "[Defendant]:  For the suspension, you want to look at * * * 809.42[8](2), which lays out the suspension lengths for Schedule II suspensions, of which this would be one.
>
> "* * * * *
>
> "I would also refer the court to the diversion statute.
>
> "* * * * *

---

[2] The question the state raises is actually one of appealability rather than reviewability; as such, it is jurisdictional. *State v. Stubbs*, 193 Or App 595, 604, 91 P3d 774 (2004) (ORS 138.50(1) pertains to appealability and "embodies a jurisdictional limitation on appeal").

"The diversion eligibility statute is 813.215 * * *. What that section says is that to be eligible, among other things, a person must have had no charge of the offense of driving while under the influence of intoxicants *or its statutory counterpart in any jurisdiction. * * * It's pretty clear that the Legislature knows how to use that language. However, in 809.428 they use the term 'same offense'. * * * So, it's pretty clear the Legislature knows what they want to say, and what they said here was it has to be the same offense. And looking at sections (1), (2) and (3) of that Arizona statute, I gave to the court, all three of those are broader than the Oregon counterpart.*"

(Emphasis added.)

Defendant's statements can fairly be understood to raise two arguments: (1) that by using the term "offense" without the accompanying phrase "or its statutory counterpart in any jurisdiction" as it did in a related statute, the legislature intended to exclude *all* out-of-state offenses in calculating suspension lengths; and (2) that, even if not, Arizona's DUII statute, because it was broader than the Oregon statute, could not reasonably be considered an "offense" under the meaning of the statute. We conclude that the former was sufficient to alert the trial court and the state to the issue that defendant now raises on appeal. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (matter is sufficiently preserved if the party "provide[s] the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately").

We turn to the merits. Defendant argues that the trial court improperly used her prior Arizona DUII conviction to impose a three-year suspension of her driving privileges because, given the statute's text and context, "offense" as used in ORS 809.428(2)(b) means Oregon offenses only.

■     That argument is necessarily foreclosed by our previous decisions in *Wilcox v. MVD*, 89 Or App 498, 501, 750 P2d 181 (1988), and *Dyrdahl v. DMV*, 204 Or App 509, 131 P3d 770 (2006). In *Wilcox*, we explicitly rejected the argument that ORS 813.400(1) does not pertain to out-of-state offenses and upheld the suspension of the defendant's driving

privileges based on his California DUII conviction. In *Dyrdahl*, we relied on *Wilcox* for the proposition that the Department of Transportation must suspend an Oregon driver's driving privileges under ORS 813.400(1) if the driver's "out of state conduct matches Oregon's definition of the offense of DUII." 204 Or App at 514 (quoting *Wilcox*, 89 Or App at 502). Applying that proposition, we determined that Arizona's misdemeanor DUII statute was substantially similar to Oregon's and concluded that suspension of the defendant's driving privileges based on his Arizona conviction was proper. *Id.* at 515-16. In so holding, we expressly declined to overrule *Wilcox* and reinterpret the meaning of ORS 813.400 using the framework of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), noting that the *PGE* analysis would lead us to the same conclusion. *Id.* at 516 n 8. Those cases, spanning nearly 20 years, conclusively establish that ORS 813.400(1) applies to both Oregon and out-of-state DUII convictions. Because ORS 813.400(1) operates to give effect to ORS 809.428—as noted above, 216 Or App at 240, ORS 809.428 simply establishes the schedules for calculating the length of the mandatory license suspension required under ORS 813.400(1) for misdemeanor DUII—we have also necessarily decided that the term "offense" as used in ORS 809.428 includes out-of-state offenses.

■     Defendant presents no argument suggesting that *Wilcox* and *Dyrdahl* were wrongly decided. We generally adhere to the doctrine of *stare decisis* in considering an issue of statutory construction that we have previously resolved, "unless error is plainly shown to exist." *See, e.g., Newell v. Weston*, 156 Or App 371, 380, 965 P2d 1039 (1998); *see also State v. Ciancanelli*, 339 Or 282, 290, 121 P3d 613 (2005) (under principle of *stare decisis*, the party seeking to change a precedent must assume responsibility for affirmatively persuading the Supreme Court that it should abandon that precedent). We perceive no such error here. We therefore adhere to our reasoning in *Wilcox* and *Dyrdahl* and conclude that the term "offense" as used in ORS 809.428 includes out-of-state offenses. Defendant does not argue on appeal that her Arizona DUII conviction should not have been considered because the Arizona and Oregon statutes are not sufficiently similar; in any event, that question was resolved adversely to

defendant in *Dyrdahl*. 204 Or App at 515-16. Accordingly, the trial court did not err in considering defendant's conviction for DUII in Arizona for purposes of calculating the length of her license suspension. A three-year suspension of defendant's driving privileges was correct, given that the present offense was defendant's second within the requisite five-year period.

Affirmed.