**Michael Eugene PIERSON, Petitioner–Appellant,**

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Respondent–Appellee.**

**No. 95CA1604.**

Colorado Court of Appeals, Div. III.

July 11, 1996.

James A. Reed, P.C., James A. Reed, Colorado Springs, for Petitioner–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mark W. Gerganoff, Assistant Attorney General, Denver, for Respondent–Appellee.

Opinion by Chief Judge STERNBERG.

The driver's license of petitioner, Michael Eugene Pierson, was revoked by the Department of Revenue for refusing to submit to testing as required by the express consent statute. On review of that revocation, the district court affirmed and petitioner appeals. We conclude that, as a matter of law, there was no "refusal" by petitioner to submit to alcohol testing. Therefore, we reverse and remand with directions to set aside the order of revocation.

The essential facts are not in dispute. Petitioner was the driver of a vehicle involved in a one-car accident on the night of April 9, 1994. With record support, the hearing officer found that the accident occurred between 10:40 p.m. and 11:00 p.m., and probably "somewhere fairly close" to the earlier time.

Petitioner was arrested for driving under the influence of alcohol (DUI) at the scene of the accident and, when advised of his testing options under the express consent statute, chose to take a breath test. The arresting officer then transported petitioner to the police station for that purpose, where they arrived at approximately 1:00 a.m. However, while on the way to the police station, petitioner changed his mind and indicated he would refuse to take the test. Once at the police station, the arresting officer again asked him to take the test, and he again refused.

At that point, petitioner was allowed to talk to his wife briefly by telephone. Shortly thereafter, he again changed his mind and, at about 1:05 a.m., requested that he be allowed to take the breath test. However, the arresting officer refused to administer the breath test to petitioner because more than two hours had elapsed since the time of the accident.

Following a hearing, the hearing officer ordered the revocation, ruling that, under the above circumstances, petitioner had refused to submit to testing as required by the express consent statute. Specifically, although finding that petitioner had indeed retracted his prior refusal and consented to taking the breath test, the hearing officer ruled that, as a matter of law, a driver cannot validly retract a refusal more than two hours after the time of driving. On this basis, the hearing officer ruled that petitioner's retraction of his refusal was ineffective, and that the arresting officer had properly declined to administer the breath test to him after the retraction of petitioner's refusal. On review, the district court upheld the revocation, and this appeal followed.

Petitioner contends that the revocation was improper because the hearing officer's ruling that he had refused testing was based on the application of erroneous legal standards. Specifically, petitioner asserts that, under the express consent statute, there is no two-hour time limit within which a driver must retract a test refusal. Thus, he argues that the arresting officer improperly denied him the opportunity to take the breath test

upon his retraction of the prior refusal. We agree.

■ Under the express consent statute, following a DUI arrest, a suspected drunk driver is deemed to have consented to taking either a blood test or a breath test to determine his or her blood alcohol content (BAC), and the driver is expressly required to cooperate in taking and completing the test elected. Sections 42–4–1301(7)(a)(II) & 42–4–1301(7)(a)(IV), C.R.S. (1995 Cum.Supp.).

■ Despite this statutorily imposed obligation, a driver may, of course, refuse to submit to testing. Such refusal will, as here, result in license revocation proceedings against the driver. See § 42–4–1301(7)(d), C.R.S. (1995 Cum.Supp.).

■ However, a driver's initial refusal to submit to testing is not irrevocable and, in certain circumstances, may be rectified by later consent. Zahtila v. Motor Vehicle Division, 39 Colo.App. 8, 560 P.2d 847 (1977). Because the purpose of the license revocation sanction for refusing testing is to encourage the driver to take a test voluntarily to obtain BAC test results, the objective of the statute is met by allowing a driver to retract a refusal unless the delay in obtaining the driver's consent to the test would materially affect the test results. See Zahtila v. Motor Vehicle Division, supra; see also Charnes v. Boom, 766 P.2d 665 (Colo.1988).

■ Thus, in order to retract a refusal to take a test, the driver must communicate his later consent to taking the test to the arresting officer while the test may still reasonably be implemented, and the driver has the burden of proving that the delay in implementing such testing would not have materially affected the test results. See Rogers v. Charnes, 656 P.2d 1322 (Colo.App.1982); Zahtila v. Motor Vehicle Division, supra.

■ By statutory mandate, a driver who consents to and fails a blood or breath test is not subject to an administrative revocation unless the test is performed within two hours of the time of driving. See § 42–2–126(2)(a)(I) & 42–2–126(9)(c)(I), C.R.S. (1995 Cum.Supp.). However, in regard to revocations based upon a driver's refusal to take a test, there is no two-hour or other temporal limitation set out in the statute. See § 42–4–1301(7)(a)(II) & (IV), C.R.S. (1995 Cum. Supp.). Thus, to support a revocation for refusing testing, the officer's request need only have been made within a reasonable time after driving. See Charnes v. Boom, supra; Poe v. Department of Revenue, 859 P.2d 906 (Colo.App.1993).

■ There being no precise temporal limitation on when a request to undergo testing must be made, likewise there should be no such limitation on when a driver's retraction of a prior refusal must be made. Instead, for a driver to avoid revocation for refusing a test, the driver's retraction and belated consent to testing need only occur within a reasonable time after driving. See Charnes v. Boom, supra; see also Halter v. Department of Revenue, 857 P.2d 535 (Colo.App. 1993) (upholding revocation for refusing testing when final actions of driver deemed to be "refusal" occurred nearly 4 hours after driving).

■ Here, since there is no specific time limit within which a retraction must occur to be valid, petitioner's retraction of his prior refusal and belated consent to taking the breath test were not invalid on the basis that they occurred more than two hours after the time of driving. Rather, the dispositive issues as to the validity of retraction are whether it occurred within a reasonable time after the accident and whether petitioner established that the delay in obtaining his consent to taking the breath test would not have materially affected the test results. See Charnes v. Boom, supra; Zahtila v. Motor Vehicle Division, supra.

As to these issues, the record reveals that petitioner's belated consent to taking the breath test occurred, at most, no more than two and a half hours after the time of the accident. The administration of a breath test at that point could have generated test results that could have been used in a later criminal DUI prosecution against petitioner. See Charnes v. Boom, supra; see also People v. Emery, 812 P.2d 665 (Colo.App.1990); cf. Halter v. Department of Revenue, supra. Also, it is undisputed that the minimal delay

while at the police station in obtaining petitioner's consent to take the breath test was not material to the possible breath test results.

Under these circumstances, the undisputed evidence is that any delay in the implementation of the breath test caused by petitioner's prior refusals would not have materially affected the results of such testing. *See Zahtila v. Motor Vehicle Division, supra.* Accordingly, we hold that, under the circumstances here, petitioner did not "refuse" to submit to testing as required by the express consent statute. The absence of a completed breath test was the result of the arresting officer's refusal to implement the testing procedure after petitioner's later consent to be tested, rather than from the failure of petitioner to cooperate in taking the test.

The judgment is reversed, and the cause is remanded with directions to set aside the order of revocation.

HUME and ROTHENBERG, JJ., concur.