[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this appeal pursuant to the Uniform Administrative Appeals Act (UAPA), General Statutes § 4-166, et seq., from a decision of the State of Connecticut Department of Motor Vehicles (DMV) suspending CT Page 3898 his motor vehicle operator's license for a period of six months. The plaintiff is aggrieved by the decision.
At approximately 2:06 a.m. on October 18, 1997, the plaintiff was observed operating a motor vehicle on a public highway in Cheshire, Connecticut. The plaintiff's operation came to the attention of Cheshire Police Officer Fasano when the plaintiff, while stopping for a red light, slammed on his brakes and skidded to a stop under the traffic light. After stopping and approaching the plaintiff's vehicle, Officer Fasano detected an odor of alcohol on the plaintiff's breath, observed the plaintiff's "glassy eyes," and noted the plaintiff's slurred speech and disheveled appearance. The plaintiff was, when asked by Officer Fasano, unable to recite the full alphabet. Plaintiff required assistance to stand when he exited his vehicle and he admitted drinking. Officer Fasano observed a nearly empty quart bottle of rum on the floor of plaintiff's vehicle. Plaintiff refused to perform roadside field sobriety tests. Plaintiff was arrested for operating under the influence of alcohol in violation of General Statutes § 14-227a and for failure to stop at a red light in violation of General Statutes § 14-299.
At Cheshire Police headquarters the plaintiff was advised of his "Miranda" rights offered an opportunity to call an attorney and read his implied consent advisory form.
The plaintiff was asked to take a blood alcohol breath test and declined. At 2:30 a.m. plaintiff was again asked to take a breath test and refused in front of both Officer Fasano and Sargent Sage of the Cheshire Police Department.
Following the completion of the booking process at 3:35 a.m., plaintiff asked to take a breath test. The officers prepaid to administer a breath test, but plaintiff indicated he would not submit to a breath test, only a blood test. Plaintiff was not tested and was released to a friend at 4:00 a.m.
In his appeal, plaintiff claims that his initial refusals were revoked and his final refusal at approximately 3:35 a.m. is invalid because it was not witnessed.
Section 14-227b(f) limits driving under the influence CT Page 3899 license suspension hearings to four issues.[1] A lengthening line of case authority recognizes that a suspension hearing is in fact limited to a determination of the four issues.Volck v. Muzio, 204 Conn. 507, 509-10 (1987); Buckley v.Muzio, 200 Conn. 1, 6-8 (1986); and Dalmaso v. Dept. ofMotor Vehicles, 47 Conn. App. 839, 842-44 (1998).
Plaintiff characterizes his claim as a challenge to the finding on whether he refused to submit to such a test.
Plaintiff's claim is based on his assertion of a right to revoke a valid refusal. Plaintiff cites a Colorado case;Pierson v. Colorado Dept. of Revenue, 923 P.2d 371
(Colo.App. 1996); in arguing his asserted right to revoke a refusal by a subsequent consent. Also, see Casano v.Commissioner of Motor Vehicles, Superior Court, judicial district Hartford/New Britain at Hartford, Docket No. 558781, (October 29, 1996, Maloney, J.).
Plaintiff's conduct in this case would not constitute a revocation of the prior approval, if such a right existed. Section 14-227b(b) affords the police officer the option of selecting the type of sobriety test among blood, breath or urine. The operator may not be compelled to submit to a blood test but certainly cannot himself compel testing of his choice at a time of his choosing. If an operator has the right to revoke; such revocation must be unequivocal. Here, as to the plaintiff's conduct, the record includes the following notation in the Case/Incident Report: "This Officer Notes That Kittredge Was Uncooperative Throughout The Entire Booking Process Making Even The Easiest Of Tasks Difficult."
The court finds no statutory or policy basis for reading into the statute the requirement that a police officer honor every whim of the plaintiff with the formality of a separate witnessed refusal. Once the officers have witnessed a refusal in conformity with the statute, there is little need to engage in continued bickering over the testing process.
The appeal is dismissed.
Robert F. McWeeny, J. CT Page 3900